
Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| FLOGROWN, LLC | § | |
| Plaintiff, | § | Case No.: 0:17-cv-60632-FAM |
| vs. | § | **CIVIL DIVISION** |
| DIXIE HERITAGE, LLC; ASHER TORGEMAN; ALBERT TOURGEMAN, | § | **DISTRICT JUDGE FEDERICO A. MORENO** |
| Defendants. | § | **MOTION TO DISMISS COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW** |

Defendants, DIXIE HERITAGE, LLC, ("Dixie") ASHER TORGEMAN and ALBERT TOURGEMAN, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), and S.D. Fla. L.R. 7.1(a) move to dismiss the complaint filed by Plaintiff, FLOGROWN, LLC ("Flogrown"), and in support thereof state as follows:

## I. INTRODUCTION

Not only did Plaintiff file this case in the *wrong* court, Plaintiff also failed to properly allege its claims; thus, this entire action is due to be dismissed. This is an intellectual property dispute with claims sounding in both trademark and copyright infringement. The foundation underlying the complaint begins to crumble before the merits of the matter can even be

addressed by this court, as venue is improper in this district; consequently, the case must be dismissed, pursuant to 28 U.S.C. § 1406. Compounding matters further, counts III and IV of the complaint are not properly alleged, as even if the allegations of same are deemed true for purposes of this motion, Plaintiff does not state a violation of the law. To be sure, Plaintiff fails to allege actual damages and registration of a copyright, both of which are requisites of unfair and deceptive trade practices and copyright infringement, respectively. In sum, the court has several avenues to dismiss this case: Plaintiff filed this case in an improper venue, and even if such venue was proper, the allegations of the complaint still fail to state a claim upon which relief can be granted. As a result, the court must dismiss the complaint, pursuant to Rules 12(b)(3) and 12(b)(6).

## II. BACKGROUND

The four-count complaint has claims of unfair competition under the Lanham Act, 15 U.S.C. § 1125, *et seq.* (count I); common law trademark infringement (count II); a violation of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501.207, *et seq.*, Florida Statutes (count III); and a violation of the Copyright Act, 17 U.S.C. § 106, *et seq.* (count IV). Plaintiff is the owner of certain registered, and self-proclaimed "famous," trademarks relating to the "FLOGROWN" wordmark and design mark. Doc. 1 at ¶ 2. According to Plaintiff, these marks have been used continuously since 2011, in association with a variety of products manufactured, marketed, and sold by Plaintiff. *Id.* at ¶ 2–4. Plaintiff describes these items as, "t-shirts, sweatshirts, hats, and athletic gear." *Id.* at ¶ 2.

Plaintiff alleges that Defendants misappropriated their trademark by manufacturing and selling allegedly counterfeit products, bearing the FLOGROWN name. *Id.* at ¶ 5. Plaintiff also alleges that one of its designers discovered counterfeit products in Defendants' retail store

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

located in Oviedo, Florida. *Id.* at ¶ 6. In furtherance of the trademark infringement claim, Plaintiff cites the Declaration of Jesse Welch and sales receipt, from an individual claiming to have purchased more than $800 in counterfeit products, from one of Defendants' retail stores. *Id.* at ¶¶ 5–7; *see also* Doc. 1-2.

In addition to trademark infringement, the complaint also alleges infringement of copyrights of the same designs and images, associated with Plaintiff's trademarks and products. Doc. 1 at ¶ 50–55. As alleged in the complaint, Plaintiff states that Defendants operate retail outlets in several Florida cities, none of which are located within this district, and through "an interactive website," to offer their products for sale. *Id.* at ¶¶ 6, 10, 11. Plaintiff also alleges that Defendants did not have prior authorization to use their copyrights. *Id.* at ¶¶ 1, 5. Plaintiff alleges only that it has filed an application to register its copyright, and indeed, effectively concedes on the record that it did not possess a valid copyright registration at the time it filed suit for copyright infringement. *See id.* at ¶ 53.

Aside from the trademark and copyright claims, Plaintiff also seeks to advance claims for unfair competition and deceptive and unfair trade practices. Doc. 1 at pp. 5, 10. With respect to damages, Plaintiff seeks a finding of joint and several liability, the entry of permanent injunctions against all Defendants, an accounting for, and payment of profits attributable to the allegations, the destruction of all allegedly counterfeit products/labels, and profits, costs, and punitive damages. *Id.* at 13–15.

## III. LEGAL STANDARD

Rule 12 authorizes the dismissal of federal, civil lawsuits for several reasons. *See* Fed. R. Civ. P. 12(b). The provisions of Rule 12 at issue, here, are subsections (b)(3) and (b)(6), both of which are well-known to the court and need not be repeated in exhausting detail. Simply put,

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

dismissal is proper if venue is improper, Rule 12(b)(3), or if the pleader fails to state a claim upon which relief can be granted, Rule 12(b)(6). *E.g.*, *Pawlik v. AmeriLife Group, LLC*, No. 13-80172-CIV, 2014 WL 793080, at *6 (S.D. Fla. Feb. 25, 2014).

While the court must limit its review of the movant's dismissal arguments under Rule 12(b)(6) to the four corners of the complaint, the same is not true as to Rule 12(b)(3). *E.g.*, *Webb v. Ginn Fin. Servs.*, 500 F. App'x. 851, 854 (11th Cir. 2012) (stating that consideration of evidence outside the pleading is appropriate on Rule 12(b)(3) motion). Upon granting a Rule 12(b)(3) motion, a district court may either dismiss or transfer an action to the appropriate district. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

## IV. ARGUMENT AND AUTHORITIES

### A. Venue Is Improper In The Southern District Of Florida Under Rule 12(b)(3) Because The Defendants Do Not Reside In This District, And The Events Giving Rise To The Claim Occurred Outside Of This District.

At the outset, the court must determine which set of venue rules are dispositive of Defendants' Rule 12(b)(3) argument. The general venue statute applies to cases based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1391(a). However, at times the United States Congress has changed this rule by enacting venue statutes that are specific to certain types of federal claims. There are two federal claims in this case: unfair competition under the Lanham Act and copyright infringement under the Copyright Act.

The Lanham Act does not have a venue provision, thus, the general federal venue statute, 28 U.S.C. § 1391, applies. *Vivant Pharm., LLC v. Clinical Formula, LLC*, No. 10-21537-CIV, 2011 WL 1303218, at *5 (S.D. Fla. Mar. 31, 2011). "The proper venue for copyright

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

infringement suits is determined by the specific venue provision of the Copyright Act, 28 U.S.C. § 1400(a), not the general provision governing suits in federal district courts." *Liberty Media Holdings, LLC v. Wintice Grp., Inc.*, No. 610-CV-44-ORL-19GJK, 2010 WL 2367227, at *3 (M.D. Fla. June 14, 2010). Under Section 1400(a), venue is proper only in the district where the defendant or his agent resides or may be found. *See* 28 U.S.C. § 1400(a). Against this backdrop, the court should analyze counts I, II, and III of the complaint by reference to Section 1391, and count IV by reference to Section 1400(a).

Under Section 1391, venue is proper in, "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(b)(3). With respect to corporations, residency is deemed to have been established in any district within which its contacts were sufficient to subject it to personal jurisdiction, or alternatively, the district in which it has the most significant contacts. *Id.* at (c)(2). "Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction for each defendant." *TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, No. 13-CV-23066, 2014 WL 11899285, at *1 (S.D. Fla. July 15, 2014). "Under 28 U.S.C. § 1406, the district court shall dismiss an action filed in an improper venue 'or, if it be in the interest of

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

justice, transfer such case to any district in which it could have been brought.'" *Dubovik-Sileo v. Holder*, No. 12-80351-CIV, 2013 WL 3928225, at *1 (S.D. Fla. July 29, 2013).

1. <u>Venue is improper in this district because none of the defendants reside here</u>.

Plaintiff's attempt to establish venue in the Southern District of Florida is problematic because it misunderstands the residency requirements of Section 1391. As noted above, venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1).

Here, Plaintiff effectively alleges that all Defendants are residents of *Florida*, not that they are residents of this *district*. *See* Doc. 1 at ¶¶ 18–20. To be sure, Plaintiff states that Asher Torgeman and Albert Torgeman may be served in the cities of Sanford and Longwood, Florida, respectively. *Id.* at ¶¶ 19–20. Plaintiff also concedes that the principal place of business of Dixie is located in Sanford, Florida, *id.* at ¶ 18, and then goes on to allege that Dixie has "multiple retail locations" in Florida, including in Oviedo, Sanford, Lakeland, and Melbourne, Florida.[1] None of these cities—Sanford, Longwood, Oviedo, Lakeland, nor Melbourne—are located within the geographic boundaries of this court. And to the extent that Plaintiff relies on its unsubstantiated allegation that Dixie has "multiple retail locations throughout the State of Florida," *id.* at ¶ 18, that allegation is undercut by the Declaration of Yeni Torgeman (hereinafter

[1] The venue analysis of count IV need go no further than here, as Plaintiff may only lay proper venue for purposes of copyright infringement in the district where a defendant resides or is found, *Liberty Media Holdings*, 2010 WL 2367227 at *3, and the allegations of the complaint, at most, indicate that all defendants may be found in the Middle District of Florida. The complaint lacks even a single allegation, even read in the light most favorable to Plaintiff, that any of the Defendants reside in this district, for purposes of copyright infringement.

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

"Torgeman Decl."), on behalf of Dixie. The court may consider this evidence when evaluating the Rule 12(b)(3) argument, *Webb*, 500 F. App'x. at 854, and the declaration avers that Dixie's only retail outlets are located within the geographic boundaries of the Middle District of Florida. *See* Torgeman Decl. Thus, venue is improper under the residency of Defendants. *See* 28 U.S.C. § 1391(b)(1).

The complaint also does not allege sufficient, nor any, contacts with this district. The only substantive connection Plaintiff has to the Southern District of Florida, is that it's attorney's office is located in this district, but this court's precedent on this matter is clear: plaintiffs cannot establish venue in the district of their choice, simply by hiring counsel located in that district. *See Crenshaw v. Specialized Loan Servicing, LLC*, No. 16-CV-81215, 2016 WL 4440511, at *3 (S.D. Fla. Aug. 23, 2016) (holding that "a plaintiff 'cannot create venue in a particular jurisdiction by hiring counsel who happens to have an office located in that jurisdiction.'")

2. <u>Venue is improper in this district because none of the events, much less a substantial part of the events, occurred in this district</u>.

In addition to misunderstanding the residency requirement of Section 1391, Plaintiff also ignores the reality that through its own complaint, the alleged events underlying this action occurred in the Middle District of Florida, not here in this district. *See generally* Doc. 1. "[T]he Eleventh Circuit has stated that 'only the events that directly give rise to a claim are relevant' and that 'of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered.' . . . . In conducting this analysis, 'the proper focus of the venue inquiry is on the relevant activities of the Defendants.'" *Silver v. Karp*, No. 14-80447-CIV, 2014 WL 4248227, at *3 (S.D. Fla. Aug. 27, 2014) (internal citations omitted).

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Here, Plaintiff states it purchased several hundred dollars of merchandise from Dixie's Lakeland, Florida retail location. Doc. 1 at ¶ 10. Plaintiff also acknowledges that the other retail locations are located in Oviedo, Sanford, and Melbourne. *Id.* at ¶ 11. Again, none of these cities are located in this district. Dixie's principal place of business, and all of its retail locations, inventory, and staff members are located in the Middle District of Florida. *See* Torgeman Decl. Plaintiff's efforts to establish sufficient connections to the Southern District, are feeble, at best. Most, if not all of the potential witnesses and evidence are located outside of the Southern District. *See* Torgeman Decl. Thus, Plaintiff failed to plead any facts to support its contention that a substantial amount of the actions in question occurred in the Southern District of Florida, presumably because such facts do not exist. Surely, if such facts did exist, then Plaintiff would have plead same. What is more, none of the allegations even suggest that *any* property is located in this district. Plaintiff attempts to bypass this requirement by briefly alleging, without support, that Defendants caused injury to property in this district; such baseless accusations are insufficient. Consequently, venue is improper in this district.

A final issue, relative to where a substantial part of the events occurred, warrants brief discussion. The complaint alleges that Dixie operates "an interactive website," to offer products for sale. Doc. 1 at ¶ 11. Ostensibly, Plaintiff will retreat to this allegation in response to the Rule 12(b)(3) dismissal argument. But this allegation provides no cover for two reasons. First, Plaintiff does not allege, at all, that any of the allegedly infringing goods appear on Dixie's website. *See generally* Doc. 1. Plaintiff alleges that "a variety of products" may be ordered from Dixie's website, but it says nothing about whether Plaintiff's goods, at issue, are sole there. *See* Doc. 1 at ¶ 11.

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Second, even if Plaintiff had made an effort to plead that Dixie used its website to offer the allegedly infringing goods in commerce, Plaintiff has not, and cannot, identify any consumers located in this district who were allegedly confused by such activity. This is important because this court, in reviewing cases brought under the Lanham Act, as here, has dismissed under Rule 12(b)(3) when a plaintiff fails to establish that the residents of a district exercised any interactivity with the defendant's website, or that the defendant made sales or shipments to residents of the district. *See, e.g., BPI Sports, LLC v. PHD Fitness LLC*, No. 14-60069-CIV, 2014 WL 11706458, at *2 (S.D. Fla. June 13, 2014) (collecting cases).

3. The savings provision of Section 1391 cannot apply in this case because the allegations of the complaint show that venue is proper in another district.

Although Section 1391 has three general venue rules, the court need not evaluate the third, which applies "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3) (emphasis added). This statutory language plainly precludes a plaintiff from laying venue if there is a venue where the action could have been brought. *See id.* As argued above, all of the Defendants reside in the Middle District of Florida and a substantial part, if not all, of the alleged events underlying this action occurred in the Middle District of Florida.

**B. The Court Must Dismiss Under Rule 12(b)(6) Because Counts III and IV Doe Not State Claims Upon Which Relief Can Be Granted.**

1. Count III must be dismissed because Plaintiff does not allege actual damages.

Through count III of the complaint, Plaintiff seeks to maintain a violation of the Florida Unfair and Deceptive Trade Practices Act (FDUTPA), Chapter 501.207, Florida Statutes. *See* Doc. 1 at p.10. "To state a claim for a FDUTPA violation, the Plaintiffs must allege a deceptive

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

or unfair practice in the course of trade or commerce, causation, and actual damages." *Parker v. Am. Traffic Sols., Inc.*, No. 14-CIV-24010, 2015 WL 4755175, at *2 (S.D. Fla. Aug. 10, 2015), *appeal dismissed*, 835 F.3d 1363 (11th Cir. 2016). Undeniably, Plaintiff did not plead actual damages, which means that the court must dismiss the FDUPTA claim.

"As a general rule, the measure of actual damages under the FDUTPA is the difference in market value of the product in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to agreement between the parties." *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, No. 08-22418-CIV, 2010 WL 528477, at *3 (S.D. Fla. Feb. 11, 2010). Here, the complaint alleges only that Plaintiff "has sustained and is likely to continue to sustain damages." Doc. 1 at ¶ 45. But then Plaintiff goes on to allege that it has "no adequate remedy at law." *Id.* at ¶ 48.

FDUPTA applies to only a limited set of damages, that is, actual damages—not other damages such as consequential damages, stigma damages, or even general damages, which is all that Plaintiff alleges here. *See Clear Marine Ventures*, 2010 WL 528477 at *4; *see also Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at *6 (S.D. Fla. May 16, 2016) (collecting cases and analyzing, at length, the requirement that a FDUTPA plaintiff plead the existence of actual damages). As a result of these authorities, the court must dismiss count III.

2. Count IV must be dismissed because Plaintiff does not have a registered copyright.

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

The court need look no further than the language of the Copyright Act, to verify that registration is a requirement for any civil action premised upon a copyright infringement claim. In pertinent part, the Copyright Act, reads as follows:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C.A. § 411(a). The text of Section 411(a) unequivocally states that no action for copyright infringement of a United States work may be instituted prior to preregistration or registration; notwithstanding this language, federal courts have two views on the issue of whether the failure to register a copyright prior to suit requires dismissal. *See, e.g., Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012). The majority view (*i.e.*, the "registration" approach) requires dismissal when a plaintiff commences litigation prior to receipt (or refusal) of a certificate of registration from the Copyright Office, whereas the minority view (*i.e.*, the "final judgment" approach) declines dismissal on the reasoning that a plaintiff might register his copyright before a court issues final judgment in the proceeding.

The Eleventh Circuit adopted the registration approach in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990), which has been also be recognized by this court. *See Malibu Media, LLC v. Doe*, 13-14458-CIV, 2014 WL 12605506, at *2 (S.D. Fla. Feb. 3, 2014) ("This Court finds that the 'registration approach' governs here. It is, after all, the approach adopted by the Eleventh Circuit.").

In *M.G.B. Homes*, the Eleventh Circuit viewed the failure to register as a jurisdictional defect. 903 F.2d at 1488–89. The Supreme Court, however, subsequently held that the registration requirement is not jurisdictional but rather a claims-processing rule, which amounts to a "precondition to filing a claim." *See Reed Elsevier, Inc. v. Muchnick*, 559

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

U.S. 154, 157 (2010). Post-*Reed Elsevier*, the Eleventh Circuit and district courts in this circuit continue to endorse the registration approach. *See Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014); *Kernel Records Oy*, 694 F.3d at 1302; *Watson v. K2 Design Group, Inc.*, 15-CIV-61020, 2015 WL 4720797, at *3 (S.D. Fla. Aug. 7, 2015) ("In 2010, the Supreme Court abrogated [the treatment of preregistration as a jurisdictional requirement], explicitly deciding that the registration requirement was not jurisdictional . . . . Notwithstanding this determination, the Supreme Court explicitly declined to address whether § 411(a)'s registration requirement provides a 'mandatory precondition to suit' that district courts should enforce *sua sponte* by dismissing infringement claims involving unregistered works . . . . In fact, courts in this Circuit have continued to treat § 411(a)'s registration requirement as a precondition to suit, albeit not in a jurisdictional fashion.") (internal citation omitted).

In essence, the registration approach requires a copyright holder to obtain a certificate of registration from the United States Copyright Office prior to filing suit, *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1142 (11th Cir. 2007), and the plaintiff bears the burden of proving compliance with these statutory formalities, *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). If a plaintiff fails to comply with statutory formalities, a court must dismiss all copyright claims. *See, e.g.*, *Dowbenko*, 582 F. App'x at 805 (affirming dismissal of copyright infringement claim where plaintiff failed to plead registration of copyright); *Davis v. Tampa Bay Arena, Ltd.*, No. 8:12-CV-60-T-30MAP, 2012 WL 2116136, *3 (M.D. Fla. June 11, 2012) (dismissing without prejudice copyright claims in order for plaintiff to satisfy mandatory precondition of suit); *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, No. 8:11-CV-00432-EAK, 2011 WL 2709882, *3 (M.D. Fla. July 12, 2011) (dismissing



**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688


copyright claims where plaintiff merely filed application but did not obtain a certification or denial of registration); *but see GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1297 (M.D. Fla. 2015) (denying motion to dismiss copyright claims on the theory that plaintiff must merely register the protected works by the time the court is called upon "to issue final judgment," i.e., at the summary-judgment or trial stage).

*GlobalOptions* is an outlier decision representing the minority view that is not binding on this court, nor does it contain persuasive reasoning. The *GlobalOptions* court declined to order dismissal of unregistered copyrights under the auspices of language appearing in a copyright treatise that the Eleventh Circuit, in *Kernel Records*, "seemingly approved." *GlobalOptions Servs.*, 131 F. Supp. 3d at 1297.

This court should not follow the *GlobalOptions* minority view for several reasons. Importantly, the opinion cuts against the plain text of Section 411(a), which states that "no civil action . . . shall be instituted until." (emphasis added). Significantly, Section 411(a) does not state that "no judgment . . . shall be obtained until." So the only way to allow litigants to even begin a copyright infringement claim before registration, under the minority view, is to ignore congressional intent.

There are also practical considerations as to why a plaintiff should not be able to pursue litigation of an unregistered work. A copyright owner's ability to obtain a certificate of registration is merely inchoate. Conceptually, this is no different than an owner of a patent application attempting to pursue infringement of a patent that is not yet granted. Certificates of copyright registration are granted only when applicants fulfill all application requirements set by the United States Copyright Office. There is no guarantee that an applicant will fulfill these requirements correctly on its initial application, or even that an applicant will not



**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

amend its copyright registration application before it is granted to meet these requirements.[2] Another practical consideration is that the application process can take up to 10 months from initial application,[3] so the court could easily be in a situation where litigants are constantly seeking stays for no other reason than to receive a final registration decision. Neither a defendant, nor the court, should be required to press pause indefinitely while a plaintiff gets its case procedurally proper. Accordingly, the better reasoned rationale is the majority view that has been recognized by the judges in this district.

In light of the foregoing, for Plaintiff's claims of copyright infringement to be "plausible on [their] face" so as to survive Defendants' Rule 12(b)(6) motion to dismiss, Plaintiff must have pleaded sufficient facts to demonstrate that it preregistered or registered the copyright at issue before seeking redress in this court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Marc Anthony Builders, Inc.*, 2011 WL 2709882, at *3. Plaintiff's complaint makes no such claim. Plaintiff alleges copyright infringement, and then includes a reference to a copyright registration, haphazardly filed three days prior to the date on which it filed the complaint. *See* Doc. 1 at ¶ 53. From the face of the complaint, it is clear that Plaintiff instituted federal legal proceedings without satisfying the mandatory statutory requirement of registering the works it seeks to protect. *See Kernel Records*, 694 F.3d at 1302. Without such registration, Plaintiff has failed to state a claim for

---

[2] *See* 17 U.S.C. § 408 (codifying requirements for copyright registration).

[3] The 10-month statistic comes from the United States Copyright Office's website. *See* http://www.copyright.gov/help/faq/faq-what.html#certificate (last visited Apr. 25, 2017). The court may take judicial notice of a website when ruling on a motion to dismiss. *See, e.g.*, *Marmol v. St. Jude Med. Ctr.*, 132 F. Supp. 3d 1359, 1364 (M.D. Fla. 2015).

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

copyright infringement, and this court must dismiss count IV of the complaint. *See M.G.B. Homes, Inc.*, 903 F.2d at 488–89; *Davis*, 2012 WL 2116136 at *3.

**WHEREFORE,** Defendants, DIXIE HERITAGE, LLC, ASHER TORGEMAN, and ALBERT TOURGEMAN, respectfully request the entry of an order, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), dismissing the complaint in its entirety, or alternatively, transferring this action to the Orlando Division of the United States District Court for the Middle District of Florida, and any such further relief as the court deems just and proper.

**DATED** on May 1, 2017.

Respectfully submitted,

*/s/ Coleman W. Watson*

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
docketing@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Defendants,*
DIXIE HERITAGE, LLC; ASHER TORGEMAN; ALBERT TOURGEMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2017, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**Andrew S. Rapacke, Esq.**
**The Rapacke Law Group, P.A.**
618 East South Street, Suite 500
Orlando, FL 32801
Email: andy@arapackelaw.com

*/s/ Coleman W. Watson*
Coleman W. Watson, Esq.

MOTION TO DISMISS COMPLAINT- 16
Case No.: 0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688