IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| FLOGROWN, LLC. | § | |
|---|---|---|
| | § | Civil Action No: 0:17-cv-60632 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DIXIE HERITAGE, LLC., | § | |
| ASHER TORGEMAN, | § | |
| individually, and | § | |
| ALBERT TOURGEMAN, | § | |
| individually, | § | |
| | § | |
| Defendants. | § | |

## PLINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS COMPLAINT

The Plaintiff, FLOGROWN, LLC, by and through undersigned counsel, hereby response in opposition to defendant's motion to dismiss complaint. Said motion should be denied because Defendants have failed to comply with Fed. R. Civ. P. 12(b).

### I. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF FLORIDA

Defendant's argument that venue properly lies in the Middle District is proper is of no consequence. Although a civil action could be brought in the Middle District under 28 U.S.C. § 1391(b), "proper venues are not mutually exclusive." *McClure v. Manchin,* 301 F. Supp. 2d 564, 569 (N.D. W. Va. 2003). "Indeed venue is subject to the choice of the plainitiffs, not the defendant." *Id.*; *see also Belik v. Carlson Travel Grp., Inc.,* 26 F.Supp.3d 1267 (S.D. Fla., 2013) *(*noting presumption in favor of plainitff's choice of forum). Accordingly, where venue is proper in multiple districts,

1

Plainitff's choice of forum is given considerable deference.

Defendants argue they "reside" only in the Middle District for purposes of 28 U.S.C. § 1391(b) because all of the Defendants' retail locations are located in cities within the Middle District. Mot. To Dismiss at IV(A). But the Defendants fail to consider the effect of sales of their infringing goods through their interactive website and are thereby sold throughout the State of Florida. As the Defendants concede, "[w]ith respect to corporations, residency is deemed to have been established in any district within which its contacts were sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(c)(2). Moreover, in states with multiple districts, the corporation "shall be deemed to reside in any district in that State within which its contracts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Here, there is no question that venue is proper in this District. Defendants maintain an interactive website that customers throughout Florida use to search and purchase Defendants' products, resulting in Defendants' products being sold via this interactive website across the State of Florida. *See Ares Def. Sys., Inc. v. Karras,* No. 6:15-cv-1107-Orl-22DAB (M.D. Fla., 2016) (finding that defendant's interactive website that sold goods infringing plaintiff's trademark, including in the State of Florida, was sufficient to establish personal jurisdiction over the defendant for venue purposes); *See also Mark Rice v. Petedge, Inc.,* 975 F.Supp. 2d 1364 (N.D. Ga. 2013) (although the defendant did not specifically target the state in its advertising or marketing, its typical e-commerce website gave the defendant sufficient minimum contacts with the state because it purposefully availed itself of business contacts in the state).

In this case, the Defendants maintained an e-commerce website www.dixieheritagestore.com which advertises, sells, and distributes their goods "***throughout*** the State of Florida." Compl. at 11 (emphasis added). Throughout the State of Florida encompasses the Southern District of Florida. Moreover, anyone in this District could access the website, order goods from the Defendant, and have those good shipped through the Defendant's interactive website. "A case need not be tried in best place, but merely a place with substantial contacts. The 'fact that substantial activities took place in district B does not disqualify district A as proper venue as long as substantial activities took place in A, too … even it is show that the activities in B were more substantial.'" *Sch. Dist. of Phila.*, 877 F. Supp. At 249 (quoting *Database Am. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1224 (D.N.J. 1993) *see also Merchants Nat'l Band v. Safrabank (Cal.)*, 776 F. Supp. 538, 541 (D. Kan. 1991). Thus, the Defendant's suggestion that the activities taking place in the Middle District are more substantial than those in the Southern District misses the mark and does not negate the propriety of venue in the Southern District. Although the Middle District "may or may not have the strongest ties to this case; the law [] does not require that such an analysis be done or that such a determination be made." *Wilson v. Pa. State Police Dep't,* No. CIV. A. 94-6547, 1995 WL 129202, at *2 (E.D. Pa. Mar. 24, 1995).

II. **COUNT III STATES A CAUSE OF ACTION**

Defendants' only argument against Plaintiff's Count III is that plaintiff allegedly did not plead actual damages. Plaintiffs Counts I and II as incorporated by reference

3

into Count III properly allege actual damages including "loss of sales." Compl. at 28, 38. Consequently, Plaintiff has properly plead its Count III.

III. **DEFENDANTS MOTION CHALLENGING THE LEGAL SUFFICENCY OF COUNT IV IS MOOT**

Defendants Motion to Dismiss challenging the legal sufficiency of Count IV is moot. Plaintiff respectfully requests withdrawal of Count IV without prejudice pursuant to the Fed. R. Civ. P. 41(a). Plaintiff intends to file a Notice to Withdraw Count IV to that effect.

## CONCLUSION

This Court should deny the motion to dismiss for failing to meet Rule 12(b) requirements and deny transferring the action. In the event that the court determines that venue is improper, Plaintiff requests that the case be transferred to Florida's Middle District in lieu of dismissal.

Dated: May 15, 2017

Respectfully Submitted,

By: /s/ Andrew S. Rapacke
Andrew S. Rapacke, Esquire
*Attorney for Plaintiff*
**THE RAPACKE LAW GROUP, P.A.**
**Florida Bar No: 0116247**
950 S. Pine Island Road
Suite A-150
Plantation, FL 33324
Telephone: (954) 727-8268
Facsimile: (954) 727-8426
Email and Court designation:
andy@arapackelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Coleman W. Watson, Esq.**
**WATSON LLP**
189 S. Orange Ave., Suite 810
Orlando, FL. 32801
Email: coleman@watsonllp.com
Email: docketing@watsonllp.com
*Counsel for Defendants*

By: /s/ Andrew S. Rapacke
Andrew S. Rapacke, Esq.
