1
2
3

Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### FT. LAUDERDALE DIVISION

| | |
|---|---|
| FLOGROWN, LLC | § § § |
| Plaintiff, | § Case No.:  0:17-cv-60632-FAM |
| vs. | § **CIVIL DIVISION** § |
| DIXIE HERITAGE, LLC; ASHER TORGEMAN; ALBERT TOURGEMAN, | § **DISTRICT JUDGE** § **FEDERICO A. MORENO** § |
| Defendants. | § § **REPLY MEMORANDUM** § **TO PLAINTIFF'S MEMORANDUM OF** § **LAW IN OPPOSITION TO** § **MOTION TO DISMISS COMPLAINT** § § § |

Defendants, DIXIE HERITAGE, LLC, ("Dixie") ASHER TORGEMAN and ALBERT TOURGEMAN, pursuant to S.D. Fla. L.R. 7.1(c), file this reply to the memorandum of law in opposition to the motion to dismiss complaint served by Plaintiff, FLOGROWN, LLC, and in support thereof state as follows:

## I.      REBUTTAL ARGUMENT[1]

---

[1] The motion to dismiss challenged this entire action on the basis of improper venue, and counts III and IV of the complaint as failing to state claims upon which relief can be granted.  Doc. 12.  In response, Plaintiff effectively conceded that count IV was premature because Plaintiff stated on the record that it would dismiss count IV, pursuant to Rule 41(a).  Thus, Defendants need only rebut Plaintiff's arguments directed to improper venue and count III.

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 1
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**A.** **Venue Is Not Proper In This Court Because Plaintiff Has Not Addressed Defendants' Record Evidence, Nor Has Plaintiff Offered Any Factual Support To Show That Venue Is Proper In This Court.**

In many ways, Plaintiff's venue argument is akin to an "emperor's new clothes" line of reasoning. To be sure, Plaintiff's papers boldly state that "there is no question that venue is proper in this District." Doc. 16 at 2. But the papers then do not provide one shred of factual support for this allegation. If venue is unquestionably proper in this court, then there would be no reason for Plaintiff to fail to include the facts that give rise to venue. The fallacy of Plaintiff's venue argument is that it assumes that the Southern District of Florida, like the Middle District of Florida, is a *proper* venue for this action. It is not, and Plaintiff has made no effort to rebut any of the record evidence submitted by Defendants on this issue. *See generally* Doc. 14. What is more, none of the interactive website case law cited by Plaintiff is controlling, nor persuasive, because it is not analogous to the underlying facts here.

The notion that Defendants are "residents" of the Southern District of Florida by virtue of Dixie's "interactive website" is sheer hyperbole. Noticeably, Plaintiff does not, and cannot, allege or argue that a single consumer in this district even viewed the website, much less purchased any "infringing" goods, that are at issue in this case, on the website. As of May 1, 2017, Dixie has only received four Internet-based orders, period. Doc. 14 at ¶ 6. Only one of these orders came from Florida, and it came from a city located within the Middle District of Florida. *Id.* Plaintiff does not even bother to challenge this fact. Significantly, Plaintiff argues not that any consumers in this district actually accessed Dixie's website, but that they "could" access the website. Doc. 16 at 3. If the rule were that defendants open themselves up to proper venue in any jurisdiction by virtue of the fact that their website *might* be accessed by consumers in that district, then this would mean that plaintiffs could legally lay venue in any of the 94

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 2
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

federal districts in the United States.  Not only is this absurd, it plainly ignores the statutory language of Section 1391 and would do nothing more than encourage forum shopping.

In an effort to lay venue, Plaintiff relies on *Ares*, which held that the defendants in that case had sufficient contacts with the State of Florida for personal jurisdiction purposes, and thus, venue was properly laid in the district chosen by the plaintiff.  *See Ares Def. Sys., Inc. v. Karras*, No. 6:15-cv-1107ORL22DAB, 2016 WL 7042957, at *11 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted*, No. 6:15-cv-1107ORL22DAB, 2016 WL 1554127 (M.D. Fla. Apr. 18, 2016).[2]  But *Ares* is not helpful to Plaintiff because that case dealt with *out-of-state* defendants, unlike here, which is significant because a plaintiff may lay venue against an out-of-state defendant under Section 1391(b)(3).  By contrast, a plaintiff can only lay venue against an in-state defendant under Section 1391(b)(3) if there is no available venue under Sections 1391(b)(1) and (b)(2).  *See* 28 U.S.C. § 1391(b).  Defendants do not dispute that the State of Florida has personal jurisdiction over them; what they dispute is whether venue is proper in this court.  Plaintiff has made no effort, at all, to argue why there is no available venue under Sections 1391(b)(1) and (b)(2).  It is not enough to jump over the analysis when the statute provides the venue process to follow.  Simply put, venue is not proper in this court for all the reasons stated in the motion to dismiss.

**B.**     **Count III Is An Improper Shotgun Pleading That Still Fails To Allege Actual Damages As Required By The Florida Deceptive And Unfair Trade Practices Act (FDUTPA).**

Plaintiff's argument in opposition to dismissing count III consists of three short sentences

---

[2] Several *Ares* opinions are available, and Plaintiff only cited to *Ares*' case number, instead of the legal citation.  The undersigned assumes that Plaintiff is relying on 2016 WL 7042957.

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 3
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

that do not cite a single case, nor offer any legal analysis to the court.  The sum total of the argument is that count III incorporates the allegations of both counts I and II into count III, and that counts I and II "properly allege actual damages including 'loss of sales.'"  Doc. 16 at 4. This argument is critically flawed for three reasons.

First, count III is pled in shotgun fashion, which violates federal pleading requirements. *See, e.g.*, *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, 608-cv-1978ORL-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009).  "Generally speaking, shotgun pleadings 'are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'"  *Id.* (citing *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)).  Count III is pled in shotgun fashion, and due to be dismissed, because it incorporates each and every antecedent allegation from the complaint into count III. *See* Doc 1. at ¶ 39 (incorporating by reference paragraphs 1 through 38 of the complaint).  This is improper.  *E.g.*, *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, 608-CV-1978ORL-31KRS, 2009 WL 92846, at *3 (M.D. Fla. Jan. 14, 2009) (dismissing an amended complaint in its entirety after finding it to be a shotgun pleading); *see also Gilman v. Samsung Telecommunications Am., LLC*, No. 2:11-CV-696-FTM-99, 2012 WL 3520384, at *1 (M.D. Fla. July 25, 2012), *report and recommendation adopted*, No. 2:11-cv-696-FTM-99, 2012 WL 3519936 (M.D. Fla. Aug. 14, 2012) (recommending that complaint be dismissed after finding it was a shotgun pleading); *Trenton Intern., Ltd. v. Trenton Intern., Inc.*, No. 2:05XCV581 FTM29SPC, 2006 WL 3201869, at *2 (M.D. Fla. Nov. 6, 2006) (same).  Shotgun pleadings consume scarce judicial resources because they require the court sift through paragraph after paragraph of a complaint to determine if all of the requisite elements of a claim for relief are located *somewhere* therein.  It is Plaintiff's—not this court's—responsibility to ensure that its

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 4
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

claims are properly alleged.

Second, <u>nowhere</u> in counts I or II does Plaintiff allege that it has suffered "actual damages." *See generally* Doc. 1.  Given that Plaintiff's argument is that counts I and II properly allege actual damages "including" loss of sales, the only logical deduction from this statement is that the complaint alleges both actual damages <u>and</u> loss of sales.  Not so; a cursory review of counts I and II reveal no such thing.  At most, Plaintiff alleged only loss of sales in counts I and II.  Thus, the statement that actual damages are "properly allege[d]" is patently false on its face.

Third, and importantly, "loss of sales" is insufficient to save count III from dismissal because lost profits do not fall within the umbrella of "actual damages" that is required to support a FDUTPA claim.  *E.g.*, *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6-14-cv-2004ORL40KRS, 2016 WL 6603792, at *2 (M.D. Fla. Sept. 13, 2016) ("For purposes of FDUTPA, actual damages must be direct damages, not consequential damages in the form of lost profits.") (citing *Hetrick v. Ideal Image Dev. Corp.*, 372 F. App'x. 985, 991 (11th Cir. 2010)); *Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at *6 (S.D. Fla. May 16, 2016) (discussing, at length, whether FDUTPA contemplates lost profits as a form of recoverable damages, and concluding that it does not because they are, at best, consequential damages); *Britt Green Trucking, Inc. v. FedEx Nat., LTL, Inc.*, No. 8:09-cv-445-T-33TBM, 2014 WL 3417569, at *12 (M.D. Fla. July 14, 2014) (collecting cases and stating that "it remains well settled in Florida that consequential damages in the form of lost profits are not recoverable under FDUTPA").  "Lost profits are a 'quintessential example' of consequential damages," which are not recoverable under FDUTPA.  *See Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987).  What is more, at its core, this is a federal trademark infringement case, and the available damages in these types of cases cannot serve as a damages linchpin in

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 5
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

FDUTPA cases.  *See Glob. Tech LED, LLC v. Hilumz Int'l Corp.*, No. 2:15-cv-553-FTM-29CM, 2016 WL 3059390, at *3 (M.D. Fla. May 31, 2016) ("[A]llegations of harm that give rise to damages under the Lanham Act or Florida common law may not support damages under FDUPTA.").  Count III is due to the dismissed.

**WHEREFORE,** Defendants, DIXIE HERITAGE, LLC, ASHER TORGEMAN, and ALBERT TOURGEMAN, respectfully request the entry of an order, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), dismissing the complaint in its entirety, or alternatively, transferring this action to the Orlando Division of the United States District Court for the Middle District of Florida, and any such further relief as the court deems just and proper.

**DATED** on May 20, 2017.

Respectfully submitted,

*/s/ Coleman W. Watson*

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
docketing@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Defendants,*
DIXIE HERITAGE, LLC; ASHER
TORGEMAN; ALBERT TOURGEMAN

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 6
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2017, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**Andrew S. Rapacke, Esq.**
**The Rapacke Law Group, P.A.**
618 East South Street, Suite 500
Orlando, FL 32801
Email:  andy@arapackelaw.com

/s/ Coleman W. Watson
Coleman W. Watson, Esq.

REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO MOTION TO DISMISS COMPLAINT- 7
Case No.:  0:17-cv-60632-FAM

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688