Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| FLOGROWN, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No.:  6:17-cv-00983-GKS-GJK |
| | § | |
| vs. | § | |
| | § | |
| DIXIE HERITAGE, LLC, ASHER | § | **MOTION TO DISMISS COMPLAINT** |
| TORGEMAN; ALBERT TOURGEMAN, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

Defendants, DIXIE HERITAGE, LLC, ("Dixie") ASHER TORGEMAN and

ALBERT TOURGEMAN, pursuant to Fed. R. Civ. P. 12(b)(6) and M.D. Fla. R. 3.01(a)

move to dismiss the complaint filed by Plaintiff, FLOGROWN, LLC ("Flogrown"), and

in support thereof state as follows:[1]

## I.     INTRODUCTION

Flogrown initially filed this case in the wrong court.  Defendants challenged

---

[1] Defendants are re-filing the remaining portions of the motion to dismiss that are still at issue, which were previously filed in the Southern District of Florida and subsequently transferred to this court.  *See* Doc. 20.

venue in the Southern District of Florida—which had no jurisdictional connection to any of the allegations in the complaint.  *See generally* Doc. 1.  Not only did Plaintiff file this case in the wrong court, Plaintiff also failed to properly allege counts III and IV of the complaint.  To be sure, Plaintiff fails to allege actual damages and registration of a copyright, both of which are requisites of unfair and deceptive trade practices and copyright infringement, respectively.

## II.    BACKGROUND

The four-count complaint has claims of unfair competition under the Lanham Act, 15 U.S.C. § 1125, *et seq.* (count I); common law trademark infringement (count II); a violation of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501.207, *et seq.*, Florida Statutes (count III); and a violation of the Copyright Act, 17 U.S.C. § 106, *et seq.* (count IV).  Plaintiff is the owner of certain registered, and self-proclaimed "famous," trademarks relating to the "FLOGROWN" wordmark and design mark.  Doc. 1 at ¶ 2.  According to Plaintiff, these marks have been used continuously since 2011, in association with a variety of products manufactured, marketed, and sold by Plaintiff.  *Id.* at ¶ 2–4.  Plaintiff describes these items as, "t-shirts, sweatshirts, hats, and athletic gear." *Id.* at ¶ 2.

Plaintiff alleges that Defendants misappropriated their trademark by manufacturing and selling allegedly counterfeit products, bearing the FLOGROWN name.  *Id.* at ¶ 5.  Plaintiff also alleges that one of its designers discovered counterfeit products in Defendants' retail store located in Oviedo, Florida.  *Id.* at ¶ 6.  In furtherance of the trademark infringement claim, Plaintiff cites the Declaration of Jesse Welch and a

MOTION TO DISMISS COMPLAINT- 2
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

sales receipt, from an individual claiming to have purchased more than $800 in counterfeit products from Defendants' retail stores.  *Id.* at ¶¶ 5−7; *see also* Doc. 1-2.

In addition to trademark infringement, the complaint also alleges infringement of copyrights of the same designs and images, associated with Plaintiff's trademarks and products.  Doc. 1 at ¶ 50−55.  As alleged in the complaint, Plaintiff states that Defendants operate retail outlets in several Florida cities, none of which are located within this district, and through "an interactive website," to offer their products for sale.  *Id.* at ¶¶ 6, 10, 11.  Plaintiff also alleges that Defendants did not have prior authorization to use their copyrights.  *Id.* at ¶¶ 1, 5.  Plaintiff alleges only that it has filed an application to register its copyright, and indeed, effectively concedes on the record that it did not possess a valid copyright registration at the time it filed suit for copyright infringement.  *See id.* at ¶ 53.

Aside from the trademark and copyright claims, Plaintiff also seeks to advance claims for unfair competition and deceptive and unfair trade practices.  Doc. 1 at pp. 5, 10.  With respect to damages, Plaintiff seeks a finding of joint and several liability, the entry of permanent injunctions against all Defendants, an accounting for, and payment of profits attributable to the allegations, the destruction of all allegedly counterfeit products/labels, and profits, costs, and punitive damages.  *Id.* at 13−15.

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible on its face when there is a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

MOTION TO DISMISS COMPLAINT- 3
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Defendants may make either factual or facial attacks on a complaint.  *See, e.g.*, *Smith v. Sec'y, U.S. Dep't of Commerce*, 495 F. App'x 10, 11 (11th Cir. 2012).

## IV.    ARGUMENT AND AUTHORITIES

### A.    The Court Must Dismiss Counts III Under Rule 12(b)(6) Because Plaintiff Did Not Allege Actual Damages To Support A FDUTPA Claim.

Through count III of the complaint, Plaintiff seeks to maintain a violation of the Florida Unfair and Deceptive Trade Practices Act (FDUTPA), Chapter 501.207, Florida Statutes.  *See* Doc. 1 at 10.  "To state a claim for a FDUTPA violation, the Plaintiffs must allege a deceptive or unfair practice in the course of trade or commerce, causation, and actual damages."  *Parker v. Am. Traffic Sols., Inc.*, No. 14-CIV-24010, 2015 WL 4755175, at *2 (S.D. Fla. Aug. 10, 2015), *appeal dismissed*, 835 F.3d 1363 (11th Cir. 2016).  Undeniably, Plaintiff did not plead actual damages, which means that the court must dismiss the FDUPTA claim.

"As a general rule, the measure of actual damages under the FDUTPA is the difference in market value of the product in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to agreement between the parties."  *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, No. 08-22418-CIV, 2010 WL 528477, at *3 (S.D. Fla. Feb. 11, 2010).  Here, the complaint alleges only that Plaintiff "has sustained and is likely to continue to sustain damages."  Doc. 1 at ¶ 45.  But then Plaintiff goes on to allege that it has "no adequate remedy at law."  *Id.* at ¶ 48.

MOTION TO DISMISS COMPLAINT- 4
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

FDUPTA applies to only a limited set of damages, that is, actual damages—not other damages such as consequential damages, stigma damages, or even general damages, which is all that Plaintiff alleges here.  *See Clear Marine Ventures*, 2010 WL 528477 at \*4; *see also Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at \*6 (S.D. Fla. May 16, 2016) (collecting cases and analyzing, at length, the requirement that a FDUTPA plaintiff plead the existence of actual damages).  As a result of these authorities, the court must dismiss count III because even if Plaintiff proved the allegations of count III, in the absence of actual damages, this does not violate the FDUTPA.

**B.      The Court Must Dismiss Count IV Under Rule 12(b)(6) Because Plaintiff Did Not, And Cannot, Allege Registration Of Its Copyright.**

The court need look no further than the language of the Copyright Act, to verify that registration is a requirement for any civil action premised upon a copyright infringement claim.  In pertinent part, the Copyright Act, reads as follows:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C.A. § 411(a).  The text of Section 411(a) unequivocally states that no action for copyright infringement of a United States work may be instituted prior to preregistration or registration; notwithstanding this language, federal courts have two views on the issue of whether the failure to register a copyright prior to suit requires dismissal.  *See, e.g.*, *Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012).  The majority view (*i.e.*,

MOTION TO DISMISS COMPLAINT- 5
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2   the "registration" approach) requires dismissal when a plaintiff commences litigation

3   prior to receipt (or refusal) of a certificate of registration from the Copyright Office,

4   whereas the minority view (*i.e.*, the "final judgment" approach) declines dismissal on the

5   reasoning that a plaintiff might register his copyright before a court issues final judgment

6   in the proceeding.

7       The Eleventh Circuit adopted the registration approach in *M.G.B. Homes, Inc. v.*

8   *Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990), which has been also be recognized

9   by this court.  *See Malibu Media, LLC v. Doe*, 13-14458-CIV, 2014 WL 12605506, at *2

10  (S.D. Fla. Feb. 3, 2014) ("This Court finds that the 'registration approach' governs here.

11  It is, after all, the approach adopted by the Eleventh Circuit.").  In *M.G.B. Homes*, the

12  Eleventh Circuit viewed the failure to register as a jurisdictional defect.  903 F.2d at

13  1488–89.  The Supreme Court, however, subsequently held that the registration

14  requirement is not jurisdictional but rather a claims-processing rule, which amounts to a

15  "precondition to filing a claim."  *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157

16  (2010).  Post-*Reed Elsevier*, the Eleventh Circuit and district courts in this circuit

17  continue to endorse the registration approach.  *See Dowbenko v. Google Inc.*, 582 F.

18  App'x 801, 805 (11th Cir. 2014); *Kernel Records Oy*, 694 F.3d at 1302; *Watson v. K2*

19  *Design Group, Inc.*, 15-CIV-61020, 2015 WL 4720797, at *3 (S.D. Fla. Aug. 7, 2015)

20  ("In 2010, the Supreme Court abrogated [the treatment of preregistration as a

21  jurisdictional requirement], explicitly deciding that the registration requirement was not

22  jurisdictional . . . .  Notwithstanding this determination, the Supreme Court explicitly

23  declined to address whether § 411(a)'s registration requirement provides a 'mandatory

24

25

MOTION TO DISMISS COMPLAINT- 6
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2   precondition to suit' that district courts should enforce *sua sponte* by dismissing

3   infringement claims involving unregistered works . . . .   In fact, courts in this Circuit have

4   continued to treat § 411(a)'s registration requirement as a precondition to suit, albeit not

5   in a jurisdictional fashion.") (internal citation omitted).

6          In essence, the registration approach requires a copyright holder to obtain a

7   certificate of registration from the United States Copyright Office <u>prior</u> to filing suit,

8   *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1142 (11th Cir. 2007), and

9   the plaintiff bears the burden of proving compliance with these statutory formalities,

10   *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010).  If a plaintiff fails to

11   comply with statutory formalities, a court must dismiss all copyright claims.  *See, e.g.*,

12   *Dowbenko*, 582 F. App'x at 805 (affirming dismissal of copyright infringement claim

13   where plaintiff failed to plead registration of copyright); *Davis v. Tampa Bay Arena, Ltd.*,

14   No. 8:12-CV-60-T-30MAP, 2012 WL 2116136, *3 (M.D. Fla. June 11, 2012)

15   (dismissing without prejudice copyright claims in order for plaintiff to satisfy mandatory

16   precondition of suit); *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, No. 8:11-

17   CV-00432-EAK, 2011 WL 2709882, *3 (M.D. Fla. July 12, 2011) (dismissing

18   copyright claims where plaintiff merely filed application but did not obtain a certification

19   or denial of registration); *but see GlobalOptions Servs., Inc. v. N. Am. Training Grp.,*

20   *Inc.*, 131 F. Supp. 3d 1291, 1297 (M.D. Fla. 2015) (denying motion to dismiss copyright

21   claims on the theory that plaintiff must merely register the protected works by the time

22   the court is called upon "to issue final judgment," i.e., at the summary-judgment or trial

23   stage).

24

25

MOTION TO DISMISS COMPLAINT- 7
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2    *GlobalOptions* is an outlier decision representing the minority view that is not

3    binding on this court, nor does it contain persuasive reasoning.  The *GlobalOptions* court

4    declined to order dismissal of unregistered copyrights under the auspices of language

5    appearing in a copyright treatise that the Eleventh Circuit, in *Kernel Records*, "seemingly

6    approved."  *GlobalOptions Servs.*, 131 F. Supp. 3d at 1297.  This court should not follow

7    the *GlobalOptions* minority view for several reasons.  Importantly, the opinion cuts

8    against the plain text of Section 411(a), which states that "no civil action . . . shall be

9    instituted <u>until</u>." (emphasis added).  Significantly, Section 411(a) does not state that "no

10   judgment . . . shall be obtained until."  So the only way to allow litigants to even begin a

11   copyright infringement claim before registration, under the minority view, is to ignore

12   congressional intent.

13        There are also practical considerations as to why a plaintiff should not be able to

14   pursue litigation of an unregistered work.  A copyright owner's ability to obtain a

15   certificate of registration is merely inchoate.  Conceptually, this is no different than an

16   owner of a patent application attempting to pursue infringement of a patent that is not yet

17   granted.  Certificates of copyright registration are granted only when applicants fulfill all

18   application requirements set by the United States Copyright Office.  There is no

19   guarantee that an applicant will fulfill these requirements correctly on its initial

20

21

22

23

24

25

MOTION TO DISMISS COMPLAINT- 8
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

application, or even that an applicant will not amend its copyright registration application before it is granted to meet these requirements.[2]

Another practical consideration is that the application process can take up to 10 months from initial application,[3] so the court could easily be in a situation where litigants are constantly seeking stays for no other reason than to receive a final registration decision.  Neither a defendant, nor the court, should be required to press pause indefinitely while a plaintiff gets its case procedurally proper.  Accordingly, the better reasoned rationale is the majority view that has been recognized by the judges in this district.

In light of the foregoing, for Plaintiff's claims of copyright infringement to be "plausible on [their] face" so as to survive Defendants' Rule 12(b)(6) motion to dismiss, Plaintiff must have pleaded sufficient facts to demonstrate that it preregistered or registered the copyright at issue <u>before</u> seeking redress in this court.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Marc Anthony Builders, Inc.*, 2011 WL 2709882, at *3.  Plaintiff's complaint makes no such claim.  Plaintiff alleges copyright infringement, and then includes a reference to a copyright registration, haphazardly filed <u>three days</u> prior to the

---

[2] *See* 17 U.S.C. § 408 (codifying requirements for copyright registration).

[3] The 10-month statistic comes from the United States Copyright Office's website.  *See* http://www.copyright.gov/help/faq/faq-what.html#certificate (last visited Apr. 25, 2017).  The court may take judicial notice of a website when ruling on a motion to dismiss.  *See, e.g., Marmol v. St. Jude Med. Ctr.*, 132 F. Supp. 3d 1359, 1364 (M.D. Fla. 2015).

MOTION TO DISMISS COMPLAINT- 9
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

date on which it filed the complaint.  *See* Doc. 1 at ¶ 53.  From the face of the complaint, it is clear that Plaintiff instituted federal legal proceedings without satisfying the mandatory statutory requirement of registering the works it seeks to protect.  *See Kernel Records*, 694 F.3d at 1302.  Without such registration, Plaintiff has failed to state a claim for copyright infringement, and this court must dismiss count IV of the complaint.  *See M.G.B. Homes, Inc.*, 903 F.2d at 488–89; *Davis*, 2012 WL 2116136 at *3.

**WHEREFORE,** Defendants, DIXIE HERITAGE, LLC, ASHER TORGEMAN, and ALBERT TOURGEMAN, respectfully request the entry of an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing counts III and IV of the complaint, and any such further relief as the court deems just and proper.

**DATED** on June 12, 2017

Respectfully submitted,

/s/ Coleman W. Watson
_____

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
            docketing@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue
Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

MOTION TO DISMISS COMPLAINT- 10
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Attorneys for Defendants,*
DIXIE HERITAGE, LLC, ASHER
TORGEMAN; ALBERT TOURGEMAN

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 12, 2017, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**Andrew S. Rapacke, Esq.**
**The Rapacke Law Group, P.A.**
618 East South Street, Suite 500
Orlando, FL 32801
Email:  andy@arapackelaw.com

*/s/ Coleman W. Watson*
Coleman W. Watson, Esq.

MOTION TO DISMISS COMPLAINT- 11
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688