Coleman W. Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| | | |
|---|---|---|
| FLOGROWN, LLC, | § § § | |
| Plaintiff/Counter-Defendant, | § § | Case No.:  6:17-cv-00983-GKS-GJK |
| vs. | § § § | |
| DIXIE HERITAGE, LLC, ASHER TORGEMAN; ALBERT TOURGEMAN, | § § § | **COUNTERCLAIM** |
| Defendants/Counter-Plaintiffs. | § § § § § | |

Defendants/Counter-Plaintiffs, DIXIE HERITAGE, LLC, ("Dixie") and ASHER

TORGEMAN, sue Plaintiff/Counter-Defendant, FLOGROWN, LLC, and allege as

follows:

## NATURE OF THE ACTION

1.      This is an action for unfair competition, in violation of the Florida

Deceptive and Unfair Trade Practices Act, Section 501.201, *et seq.*, Florida Statutes, and

for defamation.

## PARTIES

2.      Counter-Plaintiff, DIXIE HERITAGE, LLC, is a Florida limited liability

company, with one member, ASHER TORGEMAN, who is *sui juris* and an adult citizen of the State of Florida.

3.     Counter-Plaintiff, ASHER TORGEMAN, is *sui juris* and an adult citizen of the State of Florida.

4.     Counter-Defendant, FLOGROWN, LLC, is a Florida limited liability company with two members, JESSE WELCH and BRENDA GRAHAM, both of whom, upon information and belief, are *sui juris* and are adult citizens of the State of Florida.

## SUBJECT MATTER JURISDICTION

5.     The court has jurisdiction over the subject matter in this action, pursuant to 28 U.S.C. § 1367(a), because the court has original jurisdiction over the primary action and the claims herein are so related to the primary action that they form part of the same case or controversy under Article III of the United States Constitution.

## PERSONAL JURISDICTION

6.     The court has *in personam* jurisdiction over Flogrown because it is a citizen of the State of Florida.

## VENUE

7.     Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b), because Flogrown resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

8.     Flogrown is a clothing company that purports to "promot[e] Florida's culture and lifestyle with Pride." Flogrown's tagline is "[w]hether it's fishing, mudding,

COUNTERCLAIM- 2
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

surfing, skateboarding or just beach'n it, its (sic) a FloGrown Life."

9.     Dixie is a retail store, with three retail locations in this district.

10.    Asher Torgeman is one of Dixie's owners.

11.    Over the past two to three years, Dixie purchased over $90,000.00 in goods from Flogrown, and re-sold those goods in its retail locations.

12.    Flogrown primarily prints its logos on t-shirts.

13.    On prior occasions, however, Flogrown printed its logos on goods that Dixie purchased and then provided to Flogrown.  These goods included onesies, sweatshirts, and jackets.  After Flogrown completed its printing services on the goods, Dixie then offered that merchandise for sale in its retail locations.

14.    Dixie also purchased goods from other companies, such as LOCAL BRAND ONLY, for re-sale in its retail locations, in addition to purchasing goods from Flogrown.

15.    Jesse Welch, one of Flogrown's members, took issue with the fact that Dixie was selling merchandise from Local Brand Only.  Upon information and belief, Jesse Welch considered Local Brand Only to be Flogrown's competitor.  There is no agreement, however, that precludes Dixie from selling any merchandise in its retail locations, irrespective of whether that merchandise competes with Flogrown.

16.    In late 2016, Flogrown approached Simon Property Group, the landlord who owns the retail locations in which Dixie is a tenant, and requested that Simon Property Group lease space to Flogrown.

17.    Simon Property Group declined to lease any space to Flogrown, due to its

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2
lease with Dixie.

3
18.     Also in late 2016, Dixie hired an employee, REBECCA GOODINE, as a

4
sales associate in one of its retail locations.

5
19.     During the course of her employment, Rebecca Goodine, while at work,

6
observed Jesse Welch come into one of Dixie's retail locations and purchase over

7
$800.00 in Flogrown merchandise which he claimed was "counterfeit."

8
20.     Flogrown has a registered trademark on the mark "Flogrown."

9
21.     The "counterfeit" merchandise was goods that Flogrown printed for Dixie,

10
which affixed Flogrown's logos to the merchandise, for re-sale by Dixie.

11
22.     Rebecca Goodine reported the incident to Dixie, who assured her that

12
none of the merchandise in its retail locations was counterfeit.  Dixie directed Rebecca

13
Goodine to continue selling Flogrown merchandise in the retail location where she

14
worked.

15
23.     Jesse Welch continued to visit Dixie's retail locations and became

16
increasingly agitated by Dixie continuing to sell Flogrown and Local Brand Only

17
merchandise in the same location.

18
24.     On December 9, 2016, Jesse Welch confronted one of Dixie's managers

19
and stated that he was there to "verify" if Dixie was still selling Flogrown merchandise.

20
When Jesse Welch discovered that Dixie still had Flogrown goods for sale, he stated to

21
the manager that she will "see what happens to her."

22
25.     The manager, feeling physically threatened, then called the Lakeland

23
Police Department.  Jesse Welch fled the scene before the police arrived.  Ultimately, the

24

25

COUNTERCLAIM- 4
Case No.:  6:17-cv-00983-GKS-GJK

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Lakeland Police Department created a police report, identifying Jesse Welch as the perpetrator.

26.     Upon information and belief, Jesse Welch either knows or made contact with Rebecca Goodine, and requested that she file a police report with the Lakeland Police Department to report that Dixie was allegedly selling counterfeit merchandise.

27.     On December 21, 2016, Jesse Welch spoke with the Lake County State Attorneys' Office and stated that Dixie was selling counterfeit merchandise, thus causing a false criminal complaint to be filed against Asher and Albert Torgeman, Dixie's owners.

28.     All general and statutory conditions precedent to this action have either occurred or been waived by operation of law.

29.     Dixie and Asher Torgeman retained the law firm of Watson LLP to represent their interests in this action and are obligated to pay such firm reasonable attorneys' fees for its services.  Dixie may recover its attorneys' fees from Flogrown, pursuant to § 501.2105, Florida Statutes.

## COUNT I
## VIOLATION OF SECTION 501.201, *et seq.* FLORIDA STATUTES

30.     Dixie and Asher Torgeman re-allege, and incorporate by reference, paragraphs 2 through 29, as though fully alleged herein.

31.     Flogrown engaged in deceptive and unfair trade practices by contacting several of Dixie's vendors, including Bucked Up, DTF, Country Life, and Local Brand Only, and telling the vendors that Dixie sells counterfeit merchandise in its retail locations.

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

32.     Flogrown did this to stifle an and chill fair competition in the market.

33.     Flogrown's actions caused Dixie to suffer actual damages.

**WHEREFORE,** Defendant/Counter-Plaintiff, DIXIE HERITAGE, LLC, demands judgment against Plaintiff/Counter-Defendant, FLOGROWN, LLC, and seek the recovery of actual damages, attorneys' fees and costs.

**COUNT II**
**DEFAMATION**

34.     Dixie and Asher Torgeman re-allege, and incorporate by reference, paragraphs 2 through 29, as though fully alleged herein.

35.     Flogrown made false and defamatory statements concerning Dixie and Asher Torgeman when it contacted Bucked Up, DTF, Country Life, and Local Brand Only and stated that Dixie and Asher Torgeman made counterfeit goods for re-sale at Dixie's retail locations.

36.     Flogrown made an unprivileged publication to third parties when it contacted Bucked Up, DTF, Country Life, and Local Brand Only.

37.     Flogrown made the statements without reasonable care as to the truth or falsity of the statements, which amounts to at least negligence.

38.     Flogrown's defamatory statements caused Dixie and Asher Torgeman to suffer actual damages and reputational harm.

**WHEREFORE,** Defendants/Counter-Plaintiffs, DIXIE HERITAGE, LLC, and ASHER TORGEMAN, demand judgment against Plaintiff/Counter-Defendant, FLOGROWN, LLC, and seek the recovery of actual and special damages.

COUNTERCLAIM- 6
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

**DATED** on June 20, 2017

Respectfully submitted,

/s/ Coleman W. Watson

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
docketing@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Defendants/Counter-Plaintiffs,*
DIXIE HERITAGE, LLC, ASHER
TORGEMAN; ALBERT TOURGEMAN

COUNTERCLAIM- 7
Case No.:  6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I HEREBY CERTIFY that on June 20, 2017, pursuant to Fed. R. Civ. P. 5, I

4

electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this

5

proceeding:

6

**Andrew S. Rapacke, Esq.**

7

**The Rapacke Law Group, P.A.**
618 East South Street, Suite 500
Orlando, FL 32801

8

Email:  andy@arapackelaw.com

9

10

*/s/ Coleman W. Watson*
Coleman W. Watson, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25