# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| FLOGROWN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DIXIE HERITAGE, LLC, ASHER TORGERMAN; ALBERT TOURGEMAN, <br><br> Defendants. | Case No.: 6:17-cv-00983-GKS-GJK <br><br> **CASE MANAGEMENT REPORT** |

Plaintiff, FLOGROWN, LLC, and Defendants, DIXIE HERITAGE, LLC, ASHER TORGERMAN, and ALBERT TOURGEMAN, have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000)** | **July 28, 2017** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | **Immediate** |
| **Motions to Add Parties or to Amend Pleadings** | **September 15, 2017** |
| **Disclosure of Expert Reports**     **Plaintiff:** | **January 9, 2018** |
| **Defendant:** | **February 9, 2018** |
| **Rebuttal:** | **March 2, 2018** |
| **Discovery Deadline** | **March 9, 2018** |

CASE MANAGEMENT REPORT- 1
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive and *Daubert* Motions** | **April 11, 2018** |
| **Joint Final Pretrial Statement** | **June 25, 2018** |
| **All Other Motions Including Motions *In Limine*** | **July 16, 2018** |
| **Trial Term Begins** | **August 6, 2018** |
| **Estimated Length of Trial** | **4 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation**    Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | **March 23, 2018**<br>**Todd Hoepcker**<br>**PO Box 3311**<br>**Orlando, FL 32802**<br><br>**(407) 426-2060** |
| **All Parties Consent to Proceed Before Magistrate Judge** | **No** |

I. <u>**Meeting of Parties in Person**</u>

Pursuant to Local Rule 3.05 (c)(3)(A), the parties held a case management meeting on **Monday June 26, 2017,** at **1:00 PM** at **Watson LLP, 189 S. Orange Avenue, Ste. 810, Orlando, FL, 32801** and was attended by:

    **Coleman W. Watson, Esq.**      *Counsel for Defendants*

    **Andrew Rapacke, Esq.**      *Counsel for Plaintiff*

II. <u>**Pre-Discovery Initial Disclosures of Core Information**</u>

    **Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes

CASE MANAGEMENT REPORT- 2
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged **X** agree to exchange information described in Fed. R. Civ. P. 26(a)(1) on or before **July 28, 2017**. Below is a description of information that the parties agree to disclose, and stipulate that damages will be disclosed in the course of discovery:

> **a. The name, address and telephone number of each individual likely to have discoverable information, along with a brief description of the subject of such information, unless such information will be used solely for impeachment;**
>
> **b. A description and the location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, unless such information will be used solely for impeachment;**
>
> **c. A copy of any insurance agreement, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action.**

### III. <u>Electronic Discovery</u>

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__no party anticipates the disclosure or discovery of ESI in this case;

**X** one or more of the parties anticipate the disclosure or discovery of ESI in this case.

**The parties will worth together in good faith to enter into an ESI protocol, if necessary, to govern specific production requirements of ESI in this case.**

CASE MANAGEMENT REPORT- 3
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

a. The form or forms in which ESI should be produced.

   **Unless specifically requested by the parties under Fed. R. Civ. P. 34, the parties will produce ESI in .pdf or .tiff format, with all individual files being fully electronically searchable by using standard optical character recognition. The parties agree that, pursuant to Rule 34, they will also produce any ESI in native file format, upon request from the opposing party.**

b. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

   **The parties contemplate that various forms of ESI will be sought from each other throughout the course of discovery.**

c. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

   **The parties need not produce any metadata associated with ESI as a matter of course; however, the parties will, upon request and pursuant to Fed. R. Civ. P. 34, produce any substantive, system, or embedded metadata associated with any ESI.**

d. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

   **The sources of ESI that the parties have within their control include email communications, documents, and any additional information stored electronically that concerns or relates to the allegations of the complaint.**

CASE MANAGEMENT REPORT- 4
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

e. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**The parties' ESI lies exclusively in business and personal email accounts, as well as the electronic storage mediums that the parties use to store electronic documents.**

f. Any issues relating to preservation of discoverable ESI.

**None.**

g. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

**The parties agree to work together in good faith, to the extent that confidentiality agreements are needed in this litigation.**

h. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**Production of ESI will occur throughout discovery, as requested by the parties pursuant to Fed. R. Civ. P. 34, and will not be conducted in phases. Discovery of ESI will be limited only to the extent agreed upon in this report.**

CASE MANAGEMENT REPORT- 5
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

> **As discussed at the case management conference, the parties are in agreement as to all of the foregoing issues.**

If there are disputed issues specified above, or elsewhere in this report, then the parties will resolve these issues at the Preliminary Pre-trial Conference under Rule 16. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

### IV. Agreed Discovery Plan

**a. Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

CASE MANAGEMENT REPORT- 6
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

    **X**   Yes

    _____ No

**b. Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

> **All discovery materials—both ESI and hard copy documents—will be produced electronically and delivered to the opposing party on CD, DVD, flash drive, FTP or an online share platform, with such materials being produced in .pdf or .tiff format and electronically searchable by using standard optical character recognition.**

**c. Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1. Depositions

        **Governed by Fed. R. Civ. P. 30.**

    2. Interrogatories

CASE MANAGEMENT REPORT- 7
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

**Governed by Fed. R. Civ. P. 33.**

3. Document Requests

   **Governed by Fed. R. Civ. P. 34.**

4. Requests to Admit

   **Governed by Fed. R. Civ. P. 36.**

5. Supplementation of Discovery

   **The parties will supplement discovery within thirty (30) days of receiving information that warrants supplementation under Fed. R. Civ. P. 26(e).**

d. **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**The parties agree that no party shall have an obligation to respond to any discovery requests that are not made more than thirty days prior to the close of discovery.**

e. **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

CASE MANAGEMENT REPORT- 8
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

**The parties are entitled to serve rebuttal expert reports, to be produced within thirty (30) days of Defendants' expert report disclosure.**

f. Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**The parties will attempt to obviate the need for entering into any confidentiality agreements, by redacting confidential information from documents, where such redaction would not render the documents unusable. Where redaction would render the documents unusable, the parties will, in good faith, enter into confidentiality agreement(s).**

CASE MANAGEMENT REPORT- 9
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

g. **Other Matters Regarding Discovery** —

**None.**

V. **Settlement and Alternative Dispute Resolution**

a. **Settlement** —

The parties agree that settlement is \_\_\_\_\_ likely **X** unlikely **at this time**; however, the parties **are likely to** request a settlement conference before a United States Magistrate Judge in the future.

b. **Arbitration** —

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. The parties **do not** agree to arbitrate.

c. **Mediation** —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

d. **Other Alternative Dispute Resolution** —

The parties intend to pursue the following other methods of alternative dispute resolution:

**The parties may request a settlement conference with a United States Magistrate Judge, at the appropriate time in this proceeding.**

CASE MANAGEMENT REPORT- 10
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

**DATED** on July 5, 2017

/s/ Coleman W. Watson
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
   docketing@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*Attorneys for Defendants*
DIXIE HERITAGE, LLC, ASHER
TORGEMAN; ALBERT TOURGEMAN


/s/ Andrew S. Rapacke
**Andrew S. Rapacke, Esq.**
Florida Bar. No. 0116247
Email: andy@arapackelaw.com

**THE RAPACKE LAW GROUP, P.A.**
618 East South Street, Suite 500
Orlando, FL 32801
Tel: (954) 727-8268 / Fax: (407) 992-6101

*Attorneys for Plaintiff,*
FLOGROWN, LLC

CASE MANAGEMENT REPORT- 11
Case No.: 6:17-cv-00983-GKS-GJK

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688