UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOGROWN, LLC,

    Plaintiff,

v.

    Case No.: 6:17-cv-983-Orl-18-GKS-GJK

DIXIE HERITAGE, LLC,
ASHER TORGEMAN, and
ALBERT TOURGEMAN,

    Defendants.

## PLAINTIFF'S ANSWER & AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Plaintiff, Flogrown, LLC, files this Answer and Affirmative Defenses to Defendants' Counterclaim filed June 20, 2017 [DE 29].

## NATURE OF THE ACTION

1. Plaintiff admits that this is an action for unfair competition, but denies any wrongdoing and demands strict proof thereof.

## PARTIES

2. Admitted.

3. Admitted.

4. Plaintiff is without knowledge of the truth of the allegation that Brenda Graham is a member of Flogrown, LLC and therefore denies this allegation and demands strict proof thereof. Otherwise, admitted.

## SUBJECT MATTER JURISICTION

5. Admitted for jurisdictional purposes.

## PERSONAL JURISDICTION

6. Admitted for jurisdictional purposes.

## VENUE

7. Admitted.

## GENERAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Plaintiff denies this allegation and demands strict proof thereof.

14. Plaintiff is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

15. Plaintiff denies this allegation and demands strict proof thereof.

16. Plaintiff is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

17. Plaintiff is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

18. Plaintiff is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

19. Admitted.

20. Admitted.

21. Plaintiff denies this allegation and demands strict proof thereof.

22. Plaintiff denies the allegation that none of the merchandise was counterfeit and demands strict proof thereof. Plaintiff is without knowledge of the truth of the other allegations in this paragraph and therefore denies them and demands strict proof thereof.

23. Plaintiff denies this allegation and demands strict proof thereof.

24. Plaintiff denies this allegation and demands strict proof thereof.

25. Plaintiff denies this allegation and demands strict proof thereof.

26. Plaintiff denies this allegation and demands strict proof thereof.

27. Plaintiff denies this allegation and demands strict proof thereof.

28. Admitted.

29. Plaintiff is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

## COUNT I - FDUTPA

30. Plaintiff realleges and reaffirms its answers to paragraphs 2 through 29, as if fully stated herein.

31. Plaintiff denies this allegation and demands strict proof thereof.

32. Plaintiff denies this allegation and demands strict proof thereof.

33. Plaintiff denies this allegation and demands strict proof thereof.

## COUNT II - DEFAMATION

34. Plaintiff realleges and reaffirms its answers to paragraphs 2 through 29, as if fully stated herein.

35. Plaintiff denies this allegation and demands strict proof thereof.

36. Plaintiff denies this allegation and demands strict proof thereof.

37. Plaintiff denies this allegation and demands strict proof thereof.

38. Plaintiff denies this allegation and demands strict proof thereof.

## FLOGROWN'S AFFIRMATIVE DEFENSES

These allegations are raised strictly as defenses and are not to be considered as admissions of Plaintiff as to any factual, legal or other matters. All allegations not specifically admitted are specifically denied. Plaintiff denies all allegations not expressly admitted herein, whether numbered or unnumbered, including without limitation, the unnumbered paragraphs beginning with the word "WHEREFORE" and any and all demands for judgment or any relief whatsoever.

1. Any statements that Flogrown or its principals made about Defendants were either truthful, matters of opinion, fair comment, privileged, or invited.

2. Defendants were comparatively at fault for damages that they may have suffered, and any recovery by Defendants should be reduced in proportion to Defendants' percentage of fault.

3. Defendants through their own actions, failed to mitigate any damages allegedly sustained. As such, damages actually sustained by the Defendants, if any, should be reduced proportionally for the failure to mitigate such losses.

4. Defendants indicated by their words or conduct that they did not intend to perform certain duties required by their contract with Plaintiff and thereby breached that contract, excusing Plaintiff from performing its agreed upon duties under the contract.

Dated July 11, 2017.

>Respectfully submitted,
>
>By: /s/ Andrew S. Rapacke
>**Andrew S. Rapacke, Esq.**
>Florida Bar No. 0116247
>THE RAPACKE LAW GROUP, P.A.
>1836 N. Pine Island Road
>Plantation, FL 33322
>Telephone: (954) 533-4396
>Facsimile: (954) 206-0484
>Email and Court designation:
>andy@arapackelaw.com
>*Attorney for Plaintiff*
>
>**Benjamin Lee Bedrava, Esq.**
>Florida Bar No. 0113804
>Email and Court designation:
>ben@arapackelaw.com
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2017, pursuant to Rule 5 of the Federal Rule of Civil Procedure, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following counsel of record in this proceeding:

**Coleman W. Watson, Esq.**
**Ronika Julleen Bell-Carter, Esq.**
WATSON LLP
189 S. Orange Ave., Suite 810
Orlando, FL. 32801
Counsel for Defendants

>By: /s/ Andrew S. Rapacke
>Florida Bar No. 0116247