UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOGROWN, LLC,

        Plaintiff/Counterdefendant,

Case No.: 6:17-cv-983-Orl-18-GKS-GJK

v.

DIXIE HERITAGE, LLC,
ASHER TORGEMAN, and
ALBERT TOURGEMAN,

        Defendants/Counterplaintiffs.

_____

**PLAINTIFF FLOGROWN'S REPLY TO DEFENDANTS' RESPONSE [DE 65] TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DE 57] REGARDING DEFENDANTS' COUNTERCLAIMS [DE 29]**

Plaintiff, Flogrown, LLC, hereby replies to Defendants' response [DE 65] to Flogrown's motion for partial summary judgment (MPSJ) [DE 57] regarding Defendants' Counterclaims [DE 29] for FDUTPA violations and defamation. In its MPSJ, Flogrown argued that Defendants had produced only inadmissible evidence, mostly hearsay, to support their counterclaims. [DE 57, pp. 7-15]. In their response, Defendants argue that a court may consider inadmissible hearsay evidence at the summary judgment stage, as long as the evidence can be reduced to admissible form at trial. [DE 65, p. 5]. While this statement of the law is correct, Defendants have failed to establish that their evidence can be reduced to admissible evidence at trial.

**1. Defendants' hearsay evidence is not reducible to admissible evidence at trial.**

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir.

2012). Nevertheless, a district court may consider hearsay in deciding a summary judgment motion "if the statement could be reduced to admissible evidence at trial." *Id.* at 1293-94 (internal quotation marks omitted). But "hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because a third party's description of supposed testimony is not suitable grist for the summary judgment mill." *Bush v. Barnett Bank of Pinellas County*, 916 F. Supp. 1244, 1256 (M.D. Fla. 1996).

For example, in *North American Clearing, Inc. v. Brokerage Computer Sys.*, 666 F. Supp. 2d 1299, 1311-12 (M.D. Fla. 2009), Brokerage Computer Systems (BCS) presented the affidavit of Art Prager, who stated that a third person, John Busaca, had told him of party opponent Goble's admissions to unfair or deceptive acts. The court found the evidence inadmissible for summary judgment purposes:

> BCS fails to show any basis upon which the statements of Prager could be admissible. ***Busaca was not deposed and has filed no affidavit***.
>     Counsel for BCS avers that Busaca, the hearsay declarant, will be subpoenaed to testify at trial. . . . Indeed, testimony by Busaca as to what Goble told him might be admissible as an admission by a party opponent. *See* Fed. R. Evid. 801(d)(2)(A). However, ***Prager's description of Busaca's supposed testimony and counsel's assurance that Busaca will be subpoenaed, without more, cannot transform Busaca's hearsay statements into admissible evidence for purposes of summary judgment.***

*Id.* at 1312 (emphasis added). Thus, the purported testimony of witnesses for whom there is no deposition or affidavit may not be considered for summary judgment purposes merely on counsel's assurance that the declarants will appear at trial. Hearsay statements in an affidavit may be made admissible by calling the *affiant* to testify at trial. *Jones*, 683 F.3d at 1294. The case law therefore suggests that the observations of a non-affiant third person that are repeated in the affidavit may not be considered on summary judgment.

2

In *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996), the female plaintiff in an employment discrimination case stated in her deposition that she had heard from conversations with other workers that a male employee had been treated better by the employer than she had been treated. The court held that her statements were inadmissible hearsay that were not reducible to admissible form at trial. *Id.* Even if the plaintiff were to repeat her deposition testimony at trial, it would still be hearsay.

Similarly, in *Green v. City of Northport*, No. 7:11-CV-2354-SLB, 2014 U.S. Dist. LEXIS 44536, at *11-12 (N.D. Ala. Mar. 31, 2014), the plaintiff in an employment discrimination lawsuit contended that a Mr. Watkins, the defendant's ex-father-in-law, told him that the defendant had described the plaintiff by using a racial epithet and said that he was going to "get rid" of the plaintiff. When the defendant moved to strike that information, the plaintiff countered that Mr. Watkins would testify at trial, where his statement would be reduced to admissible evidence. But, as the court noted, "plaintiff has presented no evidence as to why he was unable to present Watkins's sworn testimony in response to defendants' Motion for Summary Judgment. Plaintiff's testimony as to Watkins's statement and his counsel's statement that Watkins will be called at trial, "without more, cannot transform [Watkins's] hearsay statements into admissible evidence for purposes of summary judgment." *Id.*

In this case, Defendants argue that statements by Asher and Yeniset Torgeman in their depositions and in Yeniset's declaration, claiming that other people told them that Jesse Welch accused Defendants of counterfeiting, should be considered on summary judgment because some of the people who repeated Welch's alleged statements to them will testify at trial. [DE 65, pp. 14-15]. Yet Defendants have not provided a single

3

affidavit or deposition of a third party who states that Welch told them that Defendants were counterfeiting. Thus, the hearsay statements contained in Defendants' depositions and declaration may not be considered on summary judgment. *See id.*; *N. Am. Clearing, Inc.*, 666 F. Supp. 2d at 1311-12; *Pritchard*, 92 F.3d at 1135.

Moreover, in *Bush v. Barnett Bank of Pinellas County*, a defamation case, the plaintiff relied on an affidavit by a fellow employee that the operations manager told the employee that an announcement was made in his office that the plaintiff had been kiting checks. 916 F. Supp. 1244, 1255 (M.D. Fla. 1996). The court held that because the plaintiff presented no affidavit or deposition from the operations manager himself, who purportedly heard the defamatory statements, the co-worker's quotation of the operations manager was "pure hearsay" and inadmissible for summary judgment. *Id.* at 1256.

Likewise, in this case, Defendants cannot rely on hearsay statements unsupported by the depositions or sworn statements of the declarants themselves. Thus, Yeniset Torgeman's statement [DE 65, p. 3, ¶ 7; DE 65-1, ¶ 10] that Welch told Simon Property Group that Dixie was counterfeiting is inadmissible hearsay that cannot be reduced to admissible evidence because there is no affidavit or deposition of the landlord. Defendants' promise to have numerous declarants, including "Crystal," TJ Hoffman, and customers and employees of Defendants testify at trial to Welch's remarks [DE 65, pp. 14-15] are unavailing because the statements are hearsay and Defendants have produced no affidavit or deposition from such declarants.

Therefore, Defendants have presented no evidence of defamation or FDUTPA violations that would be reducible to admissible evidence at trial, and Flogrown should be granted summary judgment on Defendants' counterclaims.

**2. Defendants have not established defamation in their allegations that Welch said *he thought* Defendants were selling counterfeit goods.**

Defendants claim that they have proved that Jesse Welch committed defamation when he admitted saying that *he thought* that Defendants were counterfeiting to his girlfriend, his aunt, and two of his employees. [DE 65, pp. 8-9]. Flogrown has fully addressed this argument in its response to Defendants' motion for summary judgment. [*See* DE 66, pp.15-18]. To summarize: (1) Defendants have never pleaded that Welch committed defamation by telling his girlfriend, aunt, and employees that he thought Defendants were counterfeiting; additionally, Defendants have presented *no evidence* that Welch defamed Defendants to any of Defendants' vendors, which is what they pleaded in their counterclaims. [DE 29, ¶¶ 31, 32, 35-38]. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (party may not amend its complaint through argument at summary judgment stage). (2) Welch's statements that *he thought* Defendants were counterfeiting [DE 59, 185:11 to 186:10] are opinion, and therefore not defamatory. *See Johnson v. Clark*, 484 F. Supp. 2d 1242, 1249 (M.D. Fla. 2007) (holding statement prefaced with "I think" was obviously opinion); *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (statements of pure opinion protected by First Amendment). (3) Welch's girlfriend, aunt, and employees were not "third parties," but were acting as agents of Flogrown. *Cf. Am. Airlines Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (per curiam) (where a corporate defendant is accused of defamation, "statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication."). (4) The above arguments also apply to Defendant's allegations of slander *per se*.

**3. There is no evidence that Welch told Dixie's vendors that Defendants were counterfeiting.**

Defendants claim [DE 65, p. 3, ¶ 4; p. 13] that Welch admitted in his deposition that he defamed Defendants to some of Defendants' vendors and cite to Welch's deposition [DE 59] at 185:11 to 186:20. Yet the cited pages contain no such admission by Welch. The only mention of any vendors is as follows:

> Q: Do you know anybody who works at a company called Bucked Up?
> A: I do not.
> Q: Okay. Do you know anybody who works at a company called Country Life?
> A: I do not.
> Q: What about DTF?
> A: I do not.

[DE 59, 186:13-20]. Welch never stated in his deposition that he told any vendors that Dixie was counterfeiting, and Defendants have produced no depositions or sworn statements from vendors saying that Welch made such statements.

**4. Defendants have produced no admissible evidence that Flogrown told Rebecca Goodine that Dixie sold counterfeit goods and even if he did, it would not have been defamation because it was not made to a third party.**

Flogrown argued in its motion for summary judgment that, even if Welch made a remark to Dixie employee Rebecca Goodine that Dixie sold counterfeit goods (a proposition for which there is no evidence), it would not be defamatory because the statement was made to Goodine as an agent of Dixie and thus there was no publication to a third party. [DE 57, pp. 12-13].

Defendants now argue that this reasoning "crumbles" because Welch was not acting as a customer at the time, but as the owner of Flogrown. [DE 65, pp. 9-10]. It is Defendants' reasoning, however, that fails because it is *Goodine's* status, not Welch's, that is relevant to the analysis. Goodine was an employee of Dixie selling products in the

6

Dixie store to Welch. Thus, she was clearly an agent of Dixie, the allegedly defamed party. If Welch had made a derogatory comment to her about Dixie's products, he would have, in effect, been making the comment to Dixie itself, not to a third party. Defamation requires publication to a third party. *See Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1303 (S.D. Fla. 1999) (defining elements of defamation). Therefore, such a statement, if it had actually been made, would not constitute defamation. *See Am. Airlines Inc*, 960 So. 2d at 833.

More importantly, Defendants make no rebuttal in their response [DE 65] to Flogrown's assertion that there is no evidence that Welch actually made any derogatory statement to Goodine. [DE 57, pp. 12-13]. Defendants' silence amounts to an admission that Flogrown is correct. *See* Fed. R. Civ. P. 56(e). This is all the more reason why Flogrown is entitled to summary judgment on Defendants' counterclaims. Once again, Defendants have failed to produce any evidence of defamation.

**5. Flogrown agrees with Defendants that many of the allegations that Defendants raised in their counterclaims are immaterial to this case.**

Defendants argue that Flogrown attempts to establish immaterial facts in its MPSJ that do not affect the outcome of this case, such as whether Flogrown sought to lease a retail location from Simon Property Group; whether Welch caused Rebecca Goodine to file a police report; what Welch meant when he told Dixie's manager that she would "see what happens to her"; and whether Flogrown spoke with the Lake County State Attorney's Office. [DE 65, p. 7 n.2]. Flogrown addressed these allegations in its MPSJ only because Defendants raised all of them in their counterclaims [DE 29, ¶¶ 16, 24, 26, 27], implying that Defendants believed that they were material facts. Defendants now

7

concede that these are collateral issues having nothing to do with the elements of their claims and should be ignored by this Court. [DE 65, p. 7 n.2]. Flogrown agrees.

## CONCLUSION

Defendants have failed to produce admissible evidence that would support either of their counterclaims. Nor is there any evidence that could be reduced to an admissible form at trial that supports any colorable claim that Flogrown violated FDUTPA or committed defamation. Based on the lack of admissible evidence, there is no disputed issue of fact, and Flogrown is entitled to judgment as a matter of law.

**WHEREFORE**, Plaintiff respectfully asks this Court to grant summary judgment in favor of Flogrown on both of Defendants' counterclaims.

Dated June 26, 2018.

        Respectfully submitted,

        By: /s/ Andrew S. Rapacke
        Attorney for Plaintiff
        THE RAPACKE LAW GROUP, P.A.
        Florida Bar No. 0116247
        1836 N. Pine Island Road
        Plantation, FL 33322
        Telephone: (954) 951-0154
        Facsimile: (954) 206-0484
        Email: andy@arapackelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2018, under Federal Rule of Civil Procedure 5, the foregoing motion was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

Coleman W. Watson
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801


By: /s/ Andrew S. Rapacke
Florida Bar No. 0116247