UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOGROWN, LLC,

      Plaintiff/Counterdefendant,

                              Case No.: 6:17-cv-983-Orl-18-GKS-GJK

v.

DIXIE HERITAGE, LLC,
ASHER TORGEMAN, and
ALBERT TOURGEMAN,

      Defendants/Counterplaintiffs.

**FLOGROWN'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I [DE 84]**

Defendants argue that Flogrown's Count One, the Lanham Act claim, must be dismissed because Flogrown did not plead use in interstate commerce, thereby raising the issue of whether this Court has subject matter jurisdiction over the Lanham Act claim. [DE 84, pp. 2-7]. *See Select Portfolio Servicing, Inc. v. Evaluation Sols., L.L.C.*, No. 3:06-cv-582-J-33MMH, 2006 U.S. Dist. LEXIS 67271, at *4 (M.D. Fla. Sep. 20, 2006). Flogrown did, however, allege a connection to interstate commerce regarding Count Two (Trademark Infringement) in its amended complaint. [DE 38, ¶ 33]. Additionally, Flogrown alleges in paragraph 3 of its Amended Complaint that its products may be purchased on its website. [DE 38, ¶ 3]. Flogrown alleges in paragraph 11 that *Defendants* sell products through an interactive website. [DE 38, ¶ 11]. Paragraphs 3 and 11 are incorporated by reference in the Lanham Act claim in Count One. [DE 38, ¶¶ 21-23]. The Eleventh Circuit has held that even activities conducted exclusively over the Internet can affect interstate commerce sufficiently for subject matter jurisdiction to attach. *Planetary Motion, Inc. v. Techsplosion*, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001). "The nature of the Internet indicates that establishing a typical home page on the Internet, for access to all

users, would satisfy the Lanham Act's 'in commerce' requirement." *Trade Media Holdings Ltd. v. Huang Assocs.*, 123 F. Supp. 2d 233, 242 (D.N.J. 2000).

Defendants were put on notice that interstate commerce would be an issue in this case via the allegations in paragraphs 3, 11, 21-23, and 33 of the Amended Complaint. [DE 38]. Since Defendants have argued that "the court can and should dispose of all three claims through the same legal analysis" [DE 60, p. 6], they should not be surprised, and cannot be prejudiced, to learn that interstate commerce should be a factor in Count One as well as Count Two. Since exactly the same set of facts (namely, Defendants' counterfeiting of Flogrown products) is the basis for both the Lanham Act claim in Count One and the Trademark Infringement claim in Count Two, Defendants have long known that Flogrown sells its products in interstate commerce and that Flogrown knows of, and has alleged, Defendants' interstate commerce.

The omission of an express allegation of use in interstate commerce in Count One was an oversight on Flogrown's part; Flogrown has accordingly moved in a separate filing to amend its complaint under Federal Rule of Civil Procedure 15(a) and has attached to that a copy of the proposed amended complaint. *See Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 153 (11th Cir. 2005) (proper procedure to assert new claims at summary judgment stage is to amend complaint); *Long v. Satz*, 181 F.3d 1275 (11th Cir. 1999) (holding that a litigant who seeks to amend a pleading must either attach a copy of the proposed amendment to a sufficiently supported motion to amend or set forth the substance of the proposed amendment).

Where, as here, an attack on subject matter jurisdiction also implicates an element of the cause of action, the court's proper action is to assume that subject matter jurisdiction exists and treat the objection as an attack on the merits of the case, to be determined by the trier of fact.

*Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261, 1264 (11th Cir. 1997); *accord Elektra Indus., Inc. v. Honeywell, Inc.*, 58 F.R.D. 118, 120 (N.D. Ill. 1973).

Defendants insist that Flogrown "must show that *Defendants,* not *Plaintiff,* used these goods bearing the FLOGROWN Mark in interstate commerce." [DE 84, p. 2 n.1]. The Eleventh Circuit has held, however, that "[i]t is well settled that as defined 'commerce' includes any intrastate transaction which 'affects' interstate commerce." *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1356 (11th Cir. 1983). "Commerce" is defined under the statute to comprise "all commerce which may lawfully be regulated by Congress," 11 U.S.C. § 1127; in other words, "all commerce within the ambit of the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, as that clause has been construed by the courts." *Chris Demetriades & Demetriades Developers v. Kaufmann*, 698 F. Supp. 521, 524 (S.D.N.Y. 1988). Thus, "a defendant's wholly *intrastate* activities will be subject to section 43(a)'s [the Lanham Act's] apparently long reach if those activities may be said to affect plaintiff's business and that business is interstate." *Id.* (citing *Arrow United Indus., Inc. v. Hugh Richards, Inc.*, 678 F.2d 410, 413 n.5 (2d Cir. 1982)). Defendants' actions in counterfeiting Flogrown products – even if entirely intrastate – affect Flogrown, a company that engages in interstate commerce, thereby evoking this Court's subject matter jurisdiction under the Commerce Clause and the Lanham Act.

Flogrown offers and sells its products throughout the United States, as evidenced by Flogrown owner Jesse Welch's Declaration. [DE 1-2, ¶¶ 10, 12]. Sales records show Flogrown selling products to customers in Arizona, Massachusetts, Hawaii, Ohio, Pennsylvania, New Mexico, North Carolina, Texas, and many other states in a 30-day period. [DE 66-2]. Flogrown sells its products over the internet. [DE 1-2, ¶ 12; DE 38, ¶ 3]. All of this adds up to use in interstate commerce.

Additionally, Florida attracts many tourists from other states, many of whom purchase Flogrown genuine products. Therefore, the introduction of inferior, heat-pressed products into the stream of commerce is likely to affect Flogrown's sales in other states. Out-of-state customers who buy heat-pressed, counterfeit Flogrown products and return to their home states, only to find that the cheaply made, heat-pressed products deteriorate more rapidly than they expected, are not likely to encourage friends or relatives who visit Florida to buy Flogrown products.

Flogrown has established a *prima facie* case that Defendants have infringed Flogrown's trademark by creating counterfeit products using a poorly copied version of Flogrown's trademark and an inferior manufacturing process and that this affects Flogrown's business, which is interstate. Defendants' motion for judgment on the pleadings as to Count I should be denied.

**WHEREFORE,** Defendants' Motion for Judgment on the Pleadings as to Count I [DE 84] should be denied.

Respectfully submitted,

By: /s/ Andrew S. Rapacke
Attorney for Plaintiff
THE RAPACKE LAW GROUP, P.A.
Florida Bar No. 0116247
1836 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2018, under Federal Rule of Civil Procedure 5, the foregoing motion was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

Coleman W. Watson
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801


By: /s/ Andrew S. Rapacke
Florida Bar No. 0116247