UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLOGROWN, LLC,

        Plaintiff,

v.                                      Case No.: 6:17-cv-983-Orl-18-GKS-GJK

DIXIE HERITAGE, LLC,
ASHER TORGEMAN, and
ALBERT TOURGEMAN,

        Defendants.

**<u>PLAINTIFF FLOGROWN'S CORRECTED MOTION FOR RULE 11
SANCTIONS AND MEMORANDUM OF LAW[1]</u>**

Plaintiff, Flogrown, LLC, hereby moves for attorney's fees and other appropriate sanctions under Federal Rule of Civil Procedure 11 against Defendants Dixie Heritage, LLC, Asher Torgeman, Albert Tourgeman, and their defense counsel, Coleman Watson of Watson LLP, for pleading and continuing to pursue, through a motion for summary judgment, trial, and a motion for relief from the Court's judgment,[2] counterclaims that have no factual basis. In support of this motion, Flogrown states as follows:

**<u>INTRODUCTION</u>**

Flogrown brought this suit against Defendants for counterfeiting merchandise using Flogrown's trademark. [DE 1, 38]. Defendants responded by counterclaiming that Flogrown had defamed Defendants and committed FDUTPA violations by telling four of Defendants' vendors that Defendants were making counterfeit goods. [DE 29]. Despite a complete lack of admissible evidence that Flogrown ever told any of the vendors that

---

[1] The only change from the motion filed at Docket Entry 111 is the inclusion of the Rule 3.01(g) Certificate inadvertently excluded from the document previously filed.

[2] Plaintiff has updated this statement to reflect the events that transpired since the service of the original motion, the body of which is attached hereto as Exhibit 4.

Defendants were counterfeiting, and despite Flogrown's privately asking Defendants to drop their counterclaims, Defendants have persisted in pursuing these claims through trial and now with a post-trial motion filing a Motion for Relief From Judgment [DE 101] seeking to overturn the Court's Order [DE 98] granting Plaintiff's Motion for Directed Verdict to dismiss the counterclaims [DE 97].[3] Defendants and their counsel should be sanctioned for continuing to pursue these factually baseless claims.

## FACTS

1. Defendants' Counterclaim alleges that Flogrown violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and committed defamation by contacting several of Dixie's vendors, including Bucked Up, DTF, Country Life, and Local Brand Only, and telling the vendors that Dixie sold counterfeit merchandise in its retail locations. [DE 29, ¶ 31, 32, 35-38].

2. Defendants have presented no direct evidence from any vendors, including Bucked Up, DTF, Country Life, and Local Brand Only, or from anyone else, that Flogrown told them that Dixie sells counterfeit merchandise in its retail locations, nor have they produced any testimony of any kind from witnesses to Flogrown's alleged statements to those vendors.

3. Yeniset Torgeman of Dixie stated in her deposition that Jesse Welch of Flogrown "was contacting John from Bucked Up, telling him we have counterfeit." She stated that she knew this because "John called Asher and told him." [DE 58, Y. Torgeman depo., pp. 102:18-103:10]. Flogrown has in fact obtained a Declaration from John Stuart Emmerson, III, owner of BuckedUp Apparel, LLC, affirming that neither Welch nor anyone at

---

[3] Plaintiff has updated this statement to reflect the events that transpired since the service of this original motion, the body of which is attached hereto as Exhibit 4.

2

Flogrown ever said anything defamatory to him about Defendants. [DE 66-3]. Yeniset also stated that she thought that Jesse contacted some of his vendors and asked them to stop selling a competitor's product, but when asked if she had any proof of that, she replied, "I don't personally, no." [DE 58, pp. 105:16-25].

4. Asher Torgeman of Dixie stated in his deposition that Jesse Welch made derogatory statements about Dixie Heritage stores "many times" to people that Asher worked with, customers, and people that worked in the office of the malls. [DE 56, Asher Torgeman depo., pp. 67:23-68:25]. He said that Jesse Welch told Dixie's employees "and a lot of customers" not to buy from Dixie because their goods were counterfeit. [DE 56, p. 70:21-25]. Asher Torgeman did not state any specific examples of Flogrown making derogatory remarks to anyone from Bucked Up, DTF, Country Life, or Local Brand Only.

5. On March 21, 2018, the day after the depositions of Asher and Yeniset Torgeman, this law firm sent a Notice of Intent to File Rule 11 Sanctions Motion against Defendants. The letter stated in part:

> After you filed your Counterclaims in this suit, we attempted to obtain *any* evidentiary support to substantiate your claims through discovery requests and depositions to no avail. Consequently, not only was there no evidence to support this counterclaim when lodged, there is none now. It may even be that amongst the documents suppressed by your firm, there may be documents which affirmatively refute these allegations. **Therefore, as there is no evidence or good faith basis for these Defenses/Counterclaims, you must immediately withdraw your Counterclaims against our client.**

(Exh. 1).

6. On March 23, 2018, two days after the Torgeman depositions, undersigned counsel sent an email to defense counsel regarding their counterclaims. (Exh. 2). Undersigned counsel stated that he had contacted Crystal Hanley, Frankie Cecere, and "Neal," the owner of DTF (one of Defendants' vendors), all listed in Defendants' discovery

3

responses (Exh. 3), as witnesses to whom Jesse Welch of Flogrown allegedly made defamatory comments about Defendants or was a contact from whom Welch allegedly attempted to lease space in order to compete with Defendants. Undersigned counsel stated, "**Each of these individuals I spoke with have either never heard of Jesse Welch/FLOGROWN or had no idea about any incident/defamatory comments.** Feel free to contact these people and corroborate what I have said." Undersigned counsel asked defense counsel to provide support for its counterclaims. Defense counsel provided none.

7. Despite their lack of evidence, Defendants moved for summary judgment on their counterclaims on May 11, 2018. [DE 60, pp. 1, 12-13]. They stated that Welch had told his girlfriend, his aunt, and two of his employees that "certain goods located in Dixie's stores were counterfeit and that Dixie and Asher Torgeman sold counterfeit goods." [DE 60, p. 12]. Defendants cited Welch's deposition [DE 59] at 185:11–186:12. In those pages of his deposition, Welch actually states that he told his girlfriend, his aunt, and two of his employees that *he thought* that Dixie was selling counterfeit merchandise. Defendants had never pleaded that Welch had defamed them by making statements to those four individuals. Moreover, Defendants' motion was unaccompanied by any shred of evidence from anyone at Bucked Up, DTF, Country Life, or Local Brand Only – the vendors to whom Welch allegedly defamed Defendants – that Welch had said anything negative about Defendants.

8. Flogrown moved for partial summary judgment in its favor on Defendants' counterclaims, arguing that Defendants had adduced no admissible evidence to support those claims. [DE 57, pp. 1, 6-11]. In their response, Defendants claimed that Jesse Welch had told "third parties," "business persons, vendors, and Dixie's customers" that

4

Defendants were selling counterfeit goods. [DE 65, pp. 1-2]. Defendants presented no deposition, affidavit, or declaration of anyone who claimed to have heard Jesse Welch or Flogrown defame Defendants.

9. Defendants claimed [DE 65, p. 3, ¶ 4; p. 13] that Welch admitted in his deposition that he defamed Defendants to some of Defendants' vendors and cited to Welch's deposition [DE 59] at 185:11 to 186:20. Yet the cited pages contain no such admission by Welch. The only mention of any vendors is as follows:

> Q: Do you know anybody who works at a company called Bucked Up?
> A: I do not.
> Q: Okay. Do you know anybody who works at a company called Country Life?
> A: I do not.
> Q: What about DTF?
> A: I do not.

[DE 59, 186:13-20]. Welch never stated in his deposition that he told any vendors that Dixie was counterfeiting.

10. As of this date, Defendants have presented no evidence, other than inadmissible hearsay, that Flogrown defamed them to anyone, yet Defendants did not withdraw their counterclaims. Instead, Defendants continued to pursue these counterclaims at trial where they presented no evidence in support of the allegations made in their counterclaims. As a result of the Defendants' lack of evidence, the Plaintiff moved at trial to have the counterclaims dismissed on a Motion for Directed Verdict [DE 97] which the Court granted immediately [DE 98].[4]

---

[4] Plaintiff has updated this statement to reflect the events that transpired since the service of this original motion, the body of which is attached hereto as Exhibit 4.

5

## **MEMORANDUM OF LAW**

### **Legal standard**

Federal Rule of Civil Procedure 11(b) provides that:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
 **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
 **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
 **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
 **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

In assessing the propriety of Rule 11 sanctions, this Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). Under Rule 11, an attorney must make a reasonable inquiry into both the legal and factual bases of a claim before filing suit. *Worldwide Primates v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). An attorney may not merely rely on the conclusory representations of a client, even if the client is a long-time friend. *Id.* "[I]f

6

evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1993). A claim is factually frivolous only when it is supported by no evidence or only by "patently frivolous" evidence. *In re BankAtlantic Bancorp, Inc.*, 851 F. Supp. 2d 1299, 1317 (S.D. Fla. 2011).

### **Defendants' Frivolous Factual and Legal Claims**

In this case, it appears that defense counsel filed Defendants' counterclaims [DE 29] with nothing more than the Defendants' assurances that Flogrown had defamed them. Had counsel attempted to interview any of the vendors to whom Flogrown allegedly defamed Defendants, as undersigned counsel did, he would have learned that Defendants' claims were fictitious. Flogrown gave Defendants adequate notice by letter that they must withdraw their counterclaims as long ago as March 21, 2018. *See Baker v. Alderman*, 158 F.3d 516, 527 (11th Cir. 1998) ("An attorney or party should be given early notice by the party seeking sanctions . . . . [T]he notice need not be in writing and with the formality of pleadings . . . ."). Yet Defendants have not budged on their baseless counterclaims, despite their continued failure to produce any admissible evidence to support them. It is unreasonable for Defendants' attorney not to have tried to verify Defendants' claims before filing their defamation counterclaims since Defendants could not prevail at trial unless witnesses could be found to testify to having heard the alleged defamations. *Cf. Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43-44 (D.C. Cir. 1990).

Even if defense counsel believed his clients' claims of defamation, he should have been more skeptical after the depositions of his clients, Asher and Yeniset Torgeman, revealed that they had nothing but hearsay and speculation to offer. Nevertheless,

7

Defendants pressed for summary judgment [DE 60] on their counterclaims, but presented no affidavit, declaration, or deposition of anyone who had witnessed Flogrown defaming Defendants. Defendants' motion for summary judgment mentioned nothing about Flogrown defaming Defendants to the vendors named in the counterclaims, but instead raised new allegations that Jesse Welch had defamed Defendants to his girlfriend, his aunt, and two of his employees by saying *he thought* Defendants were counterfeiting.

That legal argument was frivolous because (1) Defendants have never pleaded that Welch committed defamation by telling his girlfriend, aunt, and employees that he thought Defendants were counterfeiting; the counterclaims only accused Flogrown of defaming Defendants to their vendors. [DE 29, ¶¶ 31, 32, 35-38]. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (party may not amend its complaint through argument at summary judgment stage). (2) Welch's statements that *he thought* Defendants were counterfeiting [DE 59, 185:11 to 186:10] are opinion, and therefore not defamatory. *See Johnson v. Clark*, 484 F. Supp. 2d 1242, 1249 (M.D. Fla. 2007) (holding statement prefaced with "I think" was obviously opinion); *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (statements of pure opinion protected by First Amendment). (3) Welch's girlfriend, aunt, and employees were not "third parties," but were acting as agents of Flogrown. *Cf. Am. Airlines Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) (per curiam) (where a corporate defendant is accused of defamation, "statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication.").

In Defendants' response [DE 65] to Flogrown's motion for summary judgment [DE 57], Defendants argued that this Court should consider all of Defendants' hearsay

8

evidence on summary judgment because it could all be reduced to admissible form by having the declarants testify at trial. [DE 65, pp. 14-15]. But as Flogrown pointed out in its reply [DE 70, pp. 1-4], Defendants provided no affidavit, declaration, or deposition from any potential witnesses who could attest to Flogrown's alleged statements about Defendants. *See North American Clearing, Inc. v. Brokerage Computer Sys.*, 666 F. Supp. 2d 1299, 1311-12 (M.D. Fla. 2009) (hearsay declarant's statement could not be considered in summary judgment where declarant had neither been deposed nor submitted an affidavit). Either Defendants had not thoroughly researched the law about the admissibility of hearsay evidence on summary judgment or Defendants had still failed to find any evidence supporting defamation by Flogrown and were attempting to cover up the fact.

Defendants claimed [DE 65, p. 3, ¶ 4; p. 13] that Welch admitted in his deposition that he defamed Defendants to some of Defendants' vendors and cited to Welch's deposition [DE 59] at 185:11 to 186:20. Yet the cited pages contain no such admission by Welch, and Welch never stated anywhere in his deposition that he told any vendors that Dixie was counterfeiting. At that point, Defendants were misrepresenting the record in order to manufacture "evidence" out of thin air. A party that continues to press a claim despite the lack of evidentiary support should be subjected to sanctions. *See Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68 (1st Cir. 2011) (Rule 11 sanctions appropriate where party's opposition to summary judgment was based on speculation and conclusory allegations).

Again, Defendants failed to provide the least scintilla of admissible evidence to support their counterclaims and also failed to research the law concerning what evidence would be admissible in support of their claims.

Thus, Defendants have presented claims that are factually frivolous because they are supported by no evidence or by "patently frivolous" evidence, such as inadmissible hearsay. *See In re BankAtlantic Bancorp, Inc.*, 851 F. Supp. 2d at 1317. Because Rule 11 applies to any "pleading, written motion, or other paper," Defendants and their counsel should be sanctioned for continuing to push their frivolous factual and legal arguments in their counterclaims [DE 29], motion for summary judgment [DE 60, pp. 12-13], and in their response [DE 65, pp. 6-17] to Flogrown's motion for summary judgment, while adducing no admissible evidence to support their claims.

Such behavior continued on through trial and even afterwards, as Defendants continued to pursue their counterclaims despite the lack of evidence. Defendants never presented any admissible evidence supporting their original allegations that Flogrown had defamed Defendants to their vendors. Instead, they argued that Jesse Welch had defamed them in statements to his girlfriend, aunt, and employees – arguments that are legally groundless for reasons stated above. Furthermore, Defendants never moved to amend their counterclaims to align with the newly alleged set of facts. Even after the directed verdict against them, they filed a Motion for Relief From Judgment [DE 101], which echoed the same groundless arguments.[5]

### Sanctions

Once a court determines that a Rule 11 violation has occurred, it must impose a sanction of some kind. *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 852 (D.C. Circ. 1995) ("[O]nce the district court finds that a pleading is not well grounded in fact, not warranted by existing law . . . or is interposed for any improper purpose, Rule 11 requires that

---

[5] Plaintiff has added this paragraph to reflect the events that transpired since the service of this original motion, the body of which is attached hereto as Exhibit 4.

sanctions of some sort be imposed."). Sanctions may be imposed against the offending party and/or its counsel for the purpose of deterrence, compensation, and punishment. *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). Defendants' actions have caused Flogrown and its counsel to engage in unnecessary litigation, not only to defend against frivolous counterclaims through the summary judgment process, but to research, write, serve, and file this Rule 11 motion.

Merely granting summary judgment to Flogrown on Defendants' counterclaims would not be a sufficient deterrent to Defendants' behavior because that result is entirely warranted by the weakness of Defendants' claims, even if there were no finding of misbehavior. Furthermore, Flogrown would receive no compensation for the attorney's fees that it has expended in defending against these groundless claims. Defendants and their counsel are likely to repeat this brand of frivolous litigation if they are not punished monetarily. Therefore, in order to deter Defendants from future misconduct, to compensate Flogrown for financial expenditures related to defending these frivolous claims, and to punish Defendants' for improper conduct, Flogrown asks this Court to award it all attorney's fees connected with the defense of Defendants' counterclaims and all attorney's fees connected to the filing of this Rule 11 motion.

**WHEREFORE,** because Defendants and their counsel filed counterclaims with no evidentiary support and continued to pursue them through the summary judgment stage of litigation despite the continued absence of evidentiary support, Flogrown asks this Court to find that Defendants and their counsel have violated Rule 11 and to award Flogrown all attorney's fees related to the defense of Defendants' counterclaims and the preparation of this motion and any other relief that this Court deems just and proper.

**CERTIFICATE UNDER LOCAL RULE 3.01(g)**

Under Rule 3.01(g), Local Rules of the Middle District of Florida, the undersigned certifies that he conferred with Coleman Watson, counsel for Defendants, on July 20, 2018, via email after the original Rule 11 Motion was served, again on January 25, 2019, via email before filing the instant motion, and once more on January 31, 2019, via telephone, wherein Mr. Watson indicated that the Defendants would oppose this motion.

    Respectfully submitted,

By: /s/ Andrew S. Rapacke
Attorney for Plaintiff
THE RAPACKE LAW GROUP, P.A.
Florida Bar No. 0116247
1840 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

Dated February 5, 2019.

          Respectfully submitted,

          By: /s/ Andrew S. Rapacke
          Andrew S. Rapacke
          Attorney for Plaintiff
          THE RAPACKE LAW GROUP, P.A.
          Florida Bar No. 0116247
          1840 N. Pine Island Road
          Plantation, FL 33322
          Telephone: (954) 951-0154
          Facsimile: (954) 206-0484
          Email: andy@arapackelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2018, under Federal Rule of Civil Procedure 11, the foregoing was served on opposing counsel listed below, and that on February 5, 2019, under Federal Rule of Civil Procedure 5, the foregoing motion was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

 Coleman W. Watson
 Watson LLP
 189 S. Orange Avenue, Suite 810
 Orlando, FL 32801


   By: /s/ Andrew S. Rapacke
   Florida Bar No. 0116247

13