Coleman W. Watson, Esq.
coleman@watsonllp.com
Leia V. Leitner, Esq.
leia@watsonllp.com
WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688
*Attorneys for Defendants, Dixie Heritage, LLC, Asher Torgeman and Albert Tourgeman*

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

| | |
|---|---|
| FLOGROWN, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>DIXIE HERITAGE, LLC; ASHER TORGEMAN; ALBERT TOURGEMAN,<br><br>  Defendants. | Case No.: 6:17-cv-00983-GKS-GJK<br><br>**REPLY MEMORANDUM TO RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS** |

Defendants, DIXIE HERITAGE, LLC ("Dixie"), ASHER TORGEMAN, and ALBERT TOURGEMAN, file this reply memorandum and further state as follows in rebuttal:

### A. The Fee Motion Contains A Scrivener's Error For Hours Expended.

There is a scrivener's error in the table in the fee motion concerning the hours expended in this litigation. *See* Doc. 115 at 17–19. The total hours in the billing records attached to the motion is correct, but the total hours reflected in the table somehow got transcribed with improper beginning and ending time entry dates, which caused the error. The total hours, which again are already correct in the billing records attached to the motion, is:

| Timekeeper | Position | Rate | **Hours** | Total |
|---|---|---|---|---|
| Coleman W. Watson | Attorney | $385.00 | **343.80** | $132,363.00 |
| Leia V. Leitner | Attorney | $305.00 | **258.50** | $78,842.50 |
| Alberto T. Montequin | Attorney | $305.00 | **42.60** | $12,993.00 |
| Ronika J. Carter | Attorney | $275.00 | **32.50** | $8,937.50 |
| Courtney M. Marks | Paralegal | $75.00-$125.00 | **25.00** | $3,050.00 |
| Stephanie M. Lopez | Paralegal | $125.00 | **19.60** | $2,450.00 |
| **Total Attorneys' Fees & Hours Claimed:** | | | 722.00 | **$238,636.00** |

### B. Flogrown Improperly Reargues The Merits Of This Case.

The lion's share of Flogrown's response is simply a disagreement with the underlying merits that this court has already ruled in Defendants' favor.[1] *See, e.g.*, Doc. 125 at 2–11. The court should reject this argument for several reasons. First, the local rules of this court require a movant to seek relief in the form of a "motion or other application," *see* M.D. Fla. R. 3.01(a), not, as here, buried within a response to another party's motion. Second, Flogrown could have

---

[1] In any event, the entire argument misses the mark because it focuses on whether Albert Tourgeman was an "owner" of Dixie's store. *See* Doc. 125 at 2–11. That issue is irrelevant because it has nothing to do with any of the elements of trademark infringement. This court granted attorneys' fees to Albert Tourgeman because there was absolutely no evidence against him for trademark infringement, Flogrown admitted this in open court, and Flogrown went on to state under oath that it knew for almost two years that it had no evidence to support the claims against Tourgeman yet continued to litigate against him anyway. The trial order is well-reasoned and should not be disturbed by Flogrown's arguments that this court already rejected at trial.

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

sought reconsideration of the trial order under Rule 59, *see McLeod v. Sec'y, Florida Dep't of Corr.*, No. 6:16-cv-195-ORL18TBS, 2017 WL 6021315, at *1 (M.D. Fla. Dec. 4, 2017) (Sharp, J.), but the deadline to do so was 28 days after entry of judgment, *id.* Flogrown did not file any Rule 59 motion in this case. Flogrown could have also filed a Rule 60 motion, *see McLeod*, 2017 WL 6021315 at *1, to seek relief from the trial order and judgment, but failed to do that too. And third, the deadline to appeal the trial order has already expired. *See Hurt v. Florida Legislative Body*, No. 6:14-cv-469-ORL-18GJK, 2014 WL 5055428, at *2 (M.D. Fla. Oct. 6, 2014) ("The timely filing of a notice of appeal is mandatory and jurisdictional.") (Sharp, J.). This court entered judgment on January 22, 2019, making the appellate deadline February 21, 2019. *See* Fed. R. App. P. 4(a)(1)(A). In short, this court should not consider any of the arguments appearing in section I of Flogrown's response on procedural grounds.

**C. The Claims Are Intertwined In This Case.**

Flogrown urges this court to discount the many cases cited in the motion for attorneys' fees, *see* Doc. 115 at 8–11, for the proposition that a court should award all fees incurred when the claims are so intertwined that allocation is not feasible. *See* Doc. 125 at 12. According to Flogrown, the cited cases are distinguishable because they involve intertwined "claims," whereas here only the "parties" are intertwined. *See id.* The argument is absurd because it plainly ignores that Flogrown brought the <u>same</u> three claims (with identical allegations) against the <u>same</u> three parties. *See* Doc. 38 at 6–14. There was nothing in this case unique to any one Defendant, and Flogrown does not, and cannot, make this argument.

Flogrown's position relies heavily on *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782, 2018 WL 5768570, at *6 (S.D. Fla. Nov. 2, 2018). In *Tillman*, the court did not award all fees requested because it found that "not all of the counts . . . involve a common core of facts and legal theories." *Id.* at *8. This case could not be more opposite than *Tillman*. To be sure, the Eleventh Circuit has already explained that all three claims Flogrown brought are to be examined with the <u>same</u> analysis. *See Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012); *accord Homes & Land Affiliates, LLC v. Homes & Loans*

*Magazine, LLC*, 598 F. Supp. 2d 1248, 1257 n.7 (M.D. Fla. 2009). *Tillman*, on the other hand, involved differing claims ranging from whistleblower to contract claims. *See Tillman*, 2018 WL 5768570 at *8. So, it makes sense that not all claims in *Tillman* were intertwined.[2]

### D. The Fee Motion Does Not Seek A Recovery From The Counterclaim.

As stated in the motion for attorneys' fees, the undersigned exercised billing judgment, and removed time entries that related solely to the counterclaim. *See* Doc. 115 at 18.

### E. Both The Lanham Act And Rule 54 Require The Court To Award Costs.

The Lanham Act authorizes an award of costs to prevailing defendants (i.e., Albert Tourgeman) when, as here, the trademark claims are baseless. *See* 15 U.S.C. § 1117(a). Rule 54 is an independent basis for an award of costs, as to all Defendants. *See* Fed. R. Civ. P. 54(d)(1). The court should award all costs identified in the bill of costs. *See* Docs. 110, 122.

### F. The Requested Fees And Hours Expended Are Not Unreasonable.

Flogrown's response is neither supported by an expert affidavit of its own, nor with its own billing records to demonstrate a comparison as to the amount of fees expended in this case. The section IV argument is simply unsworn statements of counsel that is nothing more than a "take my word for it" approach that is divorced from any evidence. Only a few points warrant discussion. First, Attorneys Leitner and Montequin's hourly rates are already less than the average rate(s) in the very exhibit Flogrown attached to its own response. *See* Doc. 125-1. Second, Flogrown arbitrarily reduces hours expended, such as reducing 85.0 hours for summary judgment to just 13.0 hours. This not only ignores all the research that went into that motion but also ignores that Flogrown sought summary judgment against Albert Tourgeman, which the undersigned successfully defended. And third, Flogrown litigated this case under an election of statutory damages theory, yet now after being unsuccessful, Flogrown's position is that Defendants' expert "overstates" the value of this case. The expert gave the same value to this case that Flogrown did, so this argument is frivolous.

---

[2] Flogrown also relies on *Manriquez v. Manuel Diaz Farms, Inc.*, No. 00-1511-cv, 2002 WL 1050331, at *8 (S.D. Fla. May 23, 2002). *See* Doc. 125 at 12. That case is inapplicable also because, unlike in *Manriquez*, Defendants here won all claims lodged against them. All of the claims were based on the same facts and legal theories.

REPLY MEMORANDUM TO RESPONSE TO
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS -4
Case No.: 6:17-cv-00983-GKS-GJK

**DATED** on March 11, 2019

        Respectfully submitted,

        WATSON LLP

        */s/ Coleman Watson*
        **Coleman W. Watson, Esq.**
        Florida Bar. No. 0087288
        California Bar No. 266015
        Georgia Bar No. 317133
        New York Bar Reg. No. 4850004
        Email: coleman@watsonllp.com
               docketing@watsonllp.com
        **Leia V. Leitner, Esq.**
        Florida Bar No. 0105621
        Email**:** leia@watsonllp.com

        **WATSON LLP**
        189 S. Orange Avenue
        Suite 810
        Orlando, FL 32801
        Telephone: 407.377.6634
        Facsimile: 407.377.6688

        *Attorneys for Defendants, Dixie Heritage, LLC, Asher Torgeman and Albert Tourgeman*

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

REPLY MEMORANDUM TO RESPONSE TO
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS -5
Case No.: 6:17-cv-00983-GKS-GJK

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2019, pursuant to Fed. R. Civ. P. 5(d)(3), I filed the foregoing document electronically with this court's CM/ECF system, which will serve an electronic copy of the foregoing document on the following counsel of record in this proceeding:

**Andrew Rapacke**
**The Rapacke Law Group, P.A**.
950 S. Pine Island Road
Ste A-150
Plantation, FL 33324
andy@arapackelaw.com
*Attorneys for Plaintiff, FloGrown, LLC*

           */s/ Coleman Watson*
           Coleman W. Watson, Esq.

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: 407.377.6634

REPLY MEMORANDUM TO RESPONSE TO
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS -6
Case No.: 6:17-cv-00983-GKS-GJK