UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLOGROWN, LLC,**

      **Plaintiff,**

v.                                                                                  Case No:   6:17-cv-983-Orl-18GJK

**DIXIE HERITAGE, LLC, ASHER TORGEMAN, AND ALBERT TORGEMAN,**

      **Defendants.**

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF FLOGROWN'S CORRECTED MOTION FOR RULE 11 SANCTIONS AND MEMORANDUM OF LAW** (Doc. No. 114) |
| **FILED:** | February 5, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

### I. BACKGROUND.

On March 31, 2017, Plaintiff filed a Complaint against Defendants for violations of the Lanham Act, trademark infringement under common law, copyright infringement, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Doc. No. 1. On June 20, 2017, Defendants Dixie Heritage LLC ("Dixie Heritage") and Asher Torgeman ("Asher"), filed a Counterclaim against Plaintiff alleging it violated Florida's Deceptive and Unfair Trade Practices

Act ("FDUTPA") by "contacting several of Dixie [Heritage]'s vendors . . . and telling the vendors that Dixie sells counterfeit merchandise in its retail locations." Doc. No. 29 at 5. Dixie Heritage and Asher also alleged a claim of defamation against Plaintiff. Doc. No. 29 at 6. The Counterclaim is based on actions allegedly taken by Flogrown member, Jesse Welch. Doc. No. 29 at 6. On July 18, 2017, Plaintiff filed an Amended Complaint with causes of action for violations of the Lanham Act, trademark infringement under common law, and violation of FDUTPA. Doc. No. 38.

On March 21, 2018, Plaintiff sent a "Notice of Intent to File Rule 11 Sanctions Motion" to Defendants. Doc. Nos. 114 at 3, 114-1. Plaintiff claimed Defendants had no evidence to support their Counterclaim. Doc. Nos. 114 at 3, 114-1. Plaintiff sent a follow up email on March 23, 2018 again reiterating there was no evidence of Welch's alleged statements to third party vendors. Doc. Nos. 114 at 3-4; 114-2, 114-3.

On May 11, 2018, Defendants filed a Motion for Summary Judgment on the counts I, II and III of the Amended Complaint, and Counts I and II of the Counterclaim. Doc. No. 60. Defendants argued in part that Welch had published the defamatory statement about Dixie Heritage selling counterfeit goods "to at least his girlfriend, his aunt, an ex-employee, and current employee." Doc. No. 60 at 12-13. Defendants cited Welch's deposition at 185:11-186:12. Doc. No. 60 at 12. Defendants argued this amounted to slander *per se*. Doc. No. 60 at 13. The deposition of Jesse Welch was filed with the Court. Doc. No. 59. On May 11, 2018, Plaintiff also filed a motion for partial summary judgment on Defendants' Counterclaim. Doc. No. 57. Plaintiff argued that Defendants failed to "provide admissible evidence in discovery" to support their claims of violation of FDUTPA and defamation. Doc. No. 57 at 1. Plaintiff argued Defendants had presented no "direct evidence" that Flogrown told any vendors or anyone else,

that Dixie Heritage sells counterfeit merchandise.  Doc. No. 57 at 2-3.  Instead, Plaintiff pointed out that Yeniset Torgeman and Asher only testified in their depositions as to what other vendors told them Welch said.  Doc. No. 57 at 3.  There was a Facebook exchange about Welch attempting to set up a kiosk at the mall where Dixie Heritage was located in Oviedo.  Doc. No. 57 at 4.  Essentially, Plaintiff argued that all Defendants managed to produce was hearsay evidence that would not be admissible at trial.  Doc. No. 57 at 7-14.  On June 12, 2018, Defendants filed a memorandum of law in opposition to Plaintiff's motion for partial summary judgment.  Doc. No. 65.  Defendants restated the facts they contended created a genuine issue of material fact.  Doc. No. 65 at 2-3.  Defendants argued that Welch's own admissions constituted defamation *per se*.  Doc. No. 65 at 7-8.  Defendants also included the Declaration of Yeniset Torgeman ("Yeniset") as an exhibit.  Doc. No. 65-1.  In her Declaration, Yeniset stated "Dixie had several instances where customers came to the store stating that Welch told them that our merchandise is counterfeit."  Doc. No. 65-1 at 2.  She also stated that the landlord at Simon Property Group at the Seminole Town Center mall told her that Welch told him the merchandise at "Dixie's retail stores . . . were counterfeit goods."  Doc. No. 65-1 at 2.  Yeniset stated that this conduct was prompted by Dixie Heritage's decision to sell products of one of Flogrown's competitors.  Doc. No. 65-1.  On June 26, 2018, Plaintiff filed a reply and conceded that inadmissible hearsay evidence was sufficient on summary judgment, but that Defendants failed to establish that their evidence could be reduced to admissible evidence at trial.  Doc. No. 70 at 1.  Plaintiff pointed to a lack of affidavits or statements by third parties to support Defendants' claims.  Doc. No. 70 at 3-4.  Plaintiff also argued that Defendants could not rely on Welch's admission that he said he "thought" Defendants were selling counterfeit Flogrown merchandise.  Doc. No. 70 at 5.

On July 6, 2018, Plaintiff served a motion for rule 11 sanctions on Defendants. Doc. No. 114-4. On August 14, 2018, the Court issued an order denying Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment. Doc. No. 79. The Court indicated that it "disregarded material shown to be inadmissible at trial." Doc. No. 79 at 6. Thereafter, the Court found that "[b]ecause the pertinent [remaining] material reflects numerous disputes of material fact that must be resolved at trial, the Court must deny both Motions." Doc. No. 79 at 6. On December 3, 2018, a bench trial was held. Doc. No. 93. At the bench trial, Plaintiff made a motion for directed verdict on Defendants' counterclaims. Doc. Nos. 97, 114 at 5. The Court granted that motion. Doc. No. 98.

On December 13, 2018, Defendants filed a motion for relief from judgment, seeking to have the court reconsider the directed verdict on the Counterclaim. Doc. No. 101. On January 18, 2019, the District Court entered an order granting final judgment to Defendants on all counts in Plaintiff's Amended Complaint. Doc. No. 108 at 15. On January 22, 2019, a judgment was entered in favor of Defendants on Plaintiff's claims. Doc. No. 109. The order provided that all parties "shall" be responsible for their own attorneys' fees and costs "[w]ith the exception of Defendant Albert Torgeman." Doc. No. 108 at 15. On January 22, 2019, a judgment in favor of Defendants was entered. Doc. No. 109. On January 28, 2019, the Court entered an order denying the motion for relief from judgment related to the Counterclaim . Doc. No. 113.

On January 28, 2019, Plaintiff filed a motion for sanctions. Doc. No. 111. Plaintiff argues that Defendants failed to present direct evidence of defamation and violation of FDUTPA. Doc. No. 111. Plaintiff argues that despite notifying Defendants that they had failed to present direct evidence of Welch's statements, and being notified of Plaintiff's intent to file a motion for sanctions in March 2018, Defendants proceeded to file a motion for summary judgment. Doc.

No. 111 at 4.  On February 5, 2019, Plaintiff filed an Amended Motion for Sanctions (the "Motion").[1]  Doc. No. 114.  Plaintiff makes the same arguments made in the original motion.  Doc. No. 114.  On February 19, 2019, Defendants filed a memorandum in opposition to the Motion.  Doc. No. 123.

Defendants argue the Motion is untimely as it was filed after trial and entry of final judgment.  Doc. No. 123 at 2.  Defendants also argue that Plaintiff's acknowledgement that the Counterclaim was supported by inadmissible evidence is an admission the Counterclaim met the basic demands of Rule 11.  Doc. No. 123 at 2.  On March 11, 2019, Plaintiff filed a reply to Defendants' response.  Doc. No. 131.  Plaintiff argues the Motion was timely served because a Rule 11 motion "may be filed even after a court no longer has jurisdiction over the substance of a case."  Doc. No. 131 at 3.  Plaintiff also argues that its allegations go beyond the Counterclaim itself and Plaintiff asserts that Rule 11 sanctions are appropriate based on Defendants' arguments made in its motion for summary judgment, at trial, and in post-trial motions.  Doc. No. 131 at 5.

## II.   APPLICABLE LAW.

Rule 11 embodies the principle that attorneys and pro se litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1.[2]  Fed. R. Civ. P. 11(b); *see Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).  Rule 11(b) imposes a duty upon attorneys and pro se parties to "refrain from filing or pursuing frivolous claims."  *Rueter v. Merrill Lynch*, 440 F. Supp. 2d 1256, 1266 (N.D. Ala. 2006) (citing Fed. R. Civ. P. 11(b)).  "The purpose of the rule is to deter rather than to compensate."  *Regions Bank v. Kaplan*, 8:12-cv-1837, 2018 U.S. Dist.

---

[1] On March 14, 2019, the undersigned denied Plaintiff's original motion for sanctions as moot based on the filing of the amended Motion.  Doc. No. 132.

[2] Rule 1, Federal Rules of Civil Procedure, provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."  *Id*.

LEXIS 68283, at *13 (M.D. Fla. Mar. 1, 2018) (citing Fed. R. Civ. P. 11(c)(4)).  "Fairly debatable legal contentions are beyond Rule 11's reach."  *Dude v. Congress Plaza, LLC*, No. 17-80522-CIV, 2018 U.S. Dist. LEXIS 172650, at *6-7 (S.D. Fla. Oct. 5, 2018).

"Rule 11 is not an automatic penalty to be assessed against an attorney for advocating the losing side of an issue." *Kaplan*, 2018 U.S. Dist. LEXIS 68283, at *23 (citing *Peer*, 606 F.3d at 1311-12) (finding sanctions were not appropriate where plaintiff lost on summary judgment); *see also Noboa v. Sygma Network, Inc.*, 6:10-cv-1753, 2012 U.S. Dist. LEXIS 102629, at *5-6 (M.D. Fla. July 5, 2012) (fact that defendant prevailed on summary judgment did not entitle defendant to sanctions even where evidence provided by plaintiff failed to create a triable issue of fact where some evidence existed to support plaintiff's claim); *Warehouse Solutions, Inc. v. Integrated Logistics, LLC*, 1:11-cv-2061, 2014 U.S. Dist. LEXIS 185474, at *22 (N.D. Ga. Oct. 14, 2014) ("A victory on summary judgment . . . in and of itself is not sufficient to prevail on a motion for sanctions under Rule 11.") (Internal citations omitted). "If the Court sanctioned every party or attorney who pleaded claims that failed to survive summary judgment, or that failed to state a viable claim for relief, the Court would find itself imposing sanctions against a significant percentage of the litigants and counsel who appear in this Court."  *Id.* at *23 n. 4.

A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis;
> (2) when the party files a pleading that is based on a legal theory that
> has no reasonable chance of success and that cannot be advanced as
> a reasonable argument to change existing law; or (3) when the party
> files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).   The seminal case on Rule 11 in the Eleventh Circuit provides the standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate:

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.

*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted). Therefore, an objective reasonableness standard in terms of what was and should have been known at the time is applied, keeping in mind that Rule 11 should not have a chilling effect on zealous or novel arguments. The court is "expected to avoid using wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Kaplan*, 2018 U.S. Dist. LEXIS 68283, at *13-14 (citing Fed. R. Civ. P. 11, advisory committee note to 1983 amendments).

Rule 11 sanctions may be sought by motion of an opposing party. Fed. R. Civ. P. 11(c)(2)-(3). Rule 11 contains a safe harbor provision which must be complied with prior to a party filing a motion for Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2). The safe harbor provision requires a party to formally serve the offending party with a copy the proposed motion for sanctions at least twenty-one (21) days prior to filing the motion for sanctions with the court. Fed. R. Civ. P. 11(c)(2). The purpose of the safe harbor provision is to allow the party against whom sanctions are sought to withdraw the challenged document(s). *See* 5A *Wright & Miller*, Federal Practice and Procedure, § 1337.2 (2010). "If corrective action is taken, the question of sanctions becomes moot." *Id*. After the expiration of twenty-one (21) days, if corrective action is not taken, the party seeking sanctions may file the motion. *See* Fed. R. Civ. P. 11(c)(2).

The motion for sanctions should be served promptly. *Peer*, 606 F.3d at 1312-13. The service and filing of a motion for sanctions must occur prior to "final judgment or rejection of the offending motion." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *Alhassid v. Nationstar*

*Mortg., LLC*, 14-cv-20484, 2018 U.S. Dist. LEXIS 118289, at *5 (S.D. Fla. July 11, 2018); *Schilling v. Playa Del Sol Ass'n*, No. 16-60690-CIV, 2017 U.S. Dist. LEXIS 53040, at *7 (S.D. Fla. Apr. 5, 2017) ("We are bound to follow the majority rule that the Eleventh Circuit has expressly adopted and conclude that the filing of the Rule 11 motion after the case was dismissed renders the motion defective because it was not 'filed' prior to the dismissal of the action. . . . And that determination takes precedence even assuming we agreed with Defendant . . . the claims in the Complaint were sanctionable under the Rule."); *Sure Fill & Seal, Inc. v. GFF, Inc.*, 8:08-cv-882, 2010 U.S. Dist. LEXIS 78569, at *25 (M.D. Fla. July 6, 2010) ("a party cannot delay serving its Rule 11 motion until conclusion of the case."); *see also Estate of Brennan v. Church of Scientology Flag Serv. Org., Inc.*, 8:09-CV-264, 2012 U.S. Dist. LEXIS 8544, at *4-5 (M.D. Fla. Jan. 25, 2012) (where original motion for sanctions was denied, party could not "renew" motion after prevailing on summary judgment).

### III.   ANALYSIS.

The Motion was filed after the parties' competing motions for summary judgment on the Counterclaim were denied, after a bench trial, after a directed verdict on Defendants' Counterclaims, after Defendants' motion for relief from judgment on the directed verdict was both filed and denied, and after judgment was entered in favor of Defendants on the Amended Complaint.  The Motion is untimely.  Thus, it is recommended that it be denied.

Despite asserting Defendants lacked evidence to support their Counterclaim as early as March 2018, Plaintiff served a motion for sanctions on July 6, 2018 on Defendants.  Doc. Nos. 114, 114-1, 114-2, 114-4.  The arguments asserted in the Motion are the same arguments Plaintiff made in its motion for partial summary judgment, and in response to Defendants' motion for summary judgment. Doc. Nos. 57, 70, and 114.

Despite this, even after the 21-day safe harbor expired in July 2018, Plaintiff did not file its motion for sanctions with the Court. The Court then issued an order denying the competing motions for summary judgment on Defendants' Counterclaim. Doc. No. 79. The Court found that there were genuine issues of material fact that precluded summary judgment, after discarding any inadmissible evidence. Doc. No. 79.

On December 3, 2018, a bench trial was held. Doc. No. 97. On December 3, 2018, Plaintiff was granted a directed verdict on the Counterclaim. Doc. No. 98. Plaintiff did not file a motion for sanctions with the Court. On December 13, 2018, Defendants filed a motion for relief from judgment, seeking to have the court reconsider the directed verdict granted in favor of Plaintiff on the Counterclaim. Doc. No. 101. Despite now arguing this motion was inappropriate, and that is should serve as a basis for imposing sanctions, Plaintiff failed to file a motion for sanctions with the Court. Doc. No. 114.

On January 22, 2019, a judgment was entered in favor of Defendants on Plaintiff's claims. Doc. No. 109. On January 28, 2019, the Court entered an order denying the motion for relief from judgment. Doc. No. 113. On January 28, 2019, Plaintiff finally filed a motion for sanctions. Doc. No. 111. Thus, when Plaintiff finally filed its first motion for sanctions with the Court, the offending motions it identified had been ruled upon, final judgment had been entered, and the case had been resolved.

Contrary to Plaintiff's assertion, the issue here is not whether the Court has *jurisdiction* to consider the Motion, the issue is whether a Motion that speaks to Defendants' conduct in filing a Counterclaim, a motion for summary judgment, proceeding through trial, and seeking post-trial relief, can be timely when it is not filed until after all the "offending" pleadings and motions have

been resolved and final judgment has been entered. The law in this circuit is well-settled that a motion that is filed after the fact cannot be timely.

Plaintiff's failure to file its Motion with the Court at any point in time from its initial service on Defendants in July 2018 through the conclusion of this case renders the Motion untimely. The service and filing of a motion for sanctions must occur prior to "final judgment or rejection of the offending motion." *In re Walker*, 532 F.3d at 1309; *Alhassid*, 2018 U.S. Dist. LEXIS 118289, at *5; *Schilling*, 2017 U.S. Dist. LEXIS, at *7; *Sure Fill & Seal, Inc.*, 2010 U.S. Dist. LEXIS 78569, at *25. Alternatively, it is recommended that the Court find Defendants' claims were not frivolous and were not lacking a reasonable factual basis. *Baker*, 158 F.3d at 524; Doc. No. 79.

Accordingly, it is hereby **RECOMMENDED** that the Motion (Doc. No. 114) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, April 10, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties