## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

FLOGROWN, LLC,

        **Plaintiff,**

v.                                              **Case No.   6:17-cv-983-Orl-18GJK**

DIXIE HERITAGE, LLC, ASHER
TORGEMAN, AND ALBERT
TORGEMAN,

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 115)** |
| **FILED:** | **February 5, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND.

On March 31, 2017, Plaintiff filed a Complaint against Defendants for violations of the

Lanham Act, trademark infringement under common law, copyright infringement, and violation

of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Doc. No. 1.  On July 18,

2017, Plaintiff filed an Amended Complaint with causes of action for violations of the Lanham

Act, trademark infringement under common law, and violation of FDUTPA. Doc. No. 38. On

January 18, 2019, the District Court entered a final judgment in favor of Defendants on all counts.

Doc. No. 108 at 15. In that order, the District Court found "The lack of evidence as to Albert's

involvement in business dealings between FloGrown and Dixie, especially the complete dearth of

evidence to show that Albert ever ordered FloGrown goods, personally sold FloGrown goods, or

affixed the FLOGROWN Marks to apparel or other items, is glaring and irrefutable." Doc. No.

108 at 15. As a result, the Court found that Albert Torgeman ("Torgeman") was entitled to

attorney's fees, holding:

> After review of the testimony and evidence in this case, and noting the fact
> that FloGrown persisted with federal litigation against Albert for almost two
> (2) years, the Court finds that Albert is entitled to an award of attorneys'
> fees. An award of attorneys' fees to Albert as a prevailing defendant is
> justified because FloGrown "brought an obviously weak Lanham Act claim
> [against Albert] and the evidence shows that [FloGrown] acted in bad faith
> and with an improper motive." *Welding Servs., Inc. v. Forman*, 301 F.
> App'x 862, 862-63 (11th Cir. 2008) ("In an exceptional trademark
> infringement case . . . a court may award reasonable attorney's fees to the
> prevailing party."); *see Harley-Davidson Motor Co. v. Iron Eagle of Cent.
> Fla., Inc.*, 973 F. Supp. 1421, 1426 (M.D. Fla. 1997) (citing *Safeway Stores,
> Inc. v. Safeway Discount Drugs*, 675 F.2d 1160, 1166 (11th Cir. 1982))
> ("The Eleventh Circuit has interpreted [15 U.S.C. § 1117] to allow fees to
> a prevailing party where there is evidence of fraud or bad faith.").

Doc. No. 108 at 12. The order provided that all parties "shall" be responsible for their own

attorneys' fees and costs "[w]ith the exception of Defendant Albert Torgeman." Doc. No. 108 at

15.

On February 5, 2019, Torgeman filed a Motion for Attorneys' Fees and Taxable Costs (the

"Motion"). Doc. No. 115. Torgeman seeks $238,636 in attorney's fees, representing the full

cost of representation for all three Defendants. Doc. No. 115 at 1, 2. Torgeman argues that the

claims against each Defendant were inextricably intertwined such that there is no way to separate

attorney's fees attributable solely to Torgeman from those attributable to Defendants Asher Torgeman or Dixie Heritage, LLC.   Doc. No. 115 at 2.   Torgeman also seeks $7,379.92 in recoverable costs pursuant to 28 U.S.C. § 1920.   Doc. No. 115 at 2.   Torgeman filed the Declaration of Coleman Watson, who is Defendants' lead counsel, itemized billing records, a copy of the retainer agreement, and the affidavit of Amber Davis, Esq., as an expert on attorney's fees. Doc. Nos. 116, 117.   Attorney Davis, attesting to the reasonable hourly rates and the reasonable number of hours expended, relied on the American Intellectual Property Law Association's ("AIPLA") 2017 Report of the Economic Survey ("2017 APILA Report"), and suggested an appropriate range for a fee award began at $275,000 on the low end, which exceeds Torgeman's attorney's fees request.   Doc. No. 117 at 6.

On February 19, 2019, Plaintiff filed a Response to Defendant's Motion for Attorneys' Fees and Taxable Costs (the "Response").   Doc. No. 125.   Plaintiff first argues that the Court should reconsider Torgeman's entitlement to attorney's fees under the Lanham Act.   Doc. No. 125 at 2-11.   Plaintiff then argues that it should only be responsible for Torgeman's share of the attorney's fees for Defendants' common defense.   Doc. No. 125 at 11-15.   Plaintiff argues that attorneys Leitner and Montequin's hourly rates are excessive, relying on data from the 2017 AIPLA Report and their lack of intellectual property experience, and should only be $285.00 per hour.   Doc. No. 125 at 16.   Plaintiff also suggests, based on the 2017 AIPLA Report, that the appropriate range of attorney's fees for the entire litigation should be $123,000 to "some amount less than" $238,000.   Doc. No. 125 at 21.   Finally, Plaintiff argues that the other Defendants are liable for their own costs, and that Toregeman's requested legal fees are excessive and contain serious mathematical errors.   Doc. No. 125 at 15-21.

On March 11, 2019, Torgeman filed a Reply.   Doc. No. 130.   Torgeman argues that Plaintiff is improperly trying to reargue the merits of entitlement and failed to do so via a proper motion.   Doc. No. 130.   Torgeman also concedes that there is a scrivener's error in the table in the Motion.   Doc. No. 130 at 2.   Torgeman explains that the total hours in the billing records attached to the Motion are correct, but somehow the numbers in the table included in the Motion for the number of hours are incorrect even though the total amount of attorney's fees sought is correct.   Doc. No. 130 at 2.   The Reply reflects Torgeman's counsel expended 722 hours in Defendants' defense and a newly created table reflects increases in attorneys Watson, Leitner, and Montequin's hours, and paralegal Marks' hours, as well as reductions in attorney Carter and paralegal Lopez's hours.   Doc. No. 130 at 2.

## II.    APPLICABLE LAW.

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court is "an expert on the question of attorney's fees and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Envtl. Mfg. Sols., LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1319 (M.D. Fla. 2017) (quoting *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman*, 836 F.2d at 1303.   "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)."

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id*.

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the

time claimed for each activity." *Norman*, 836 F.2d at 1303.   Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).   A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal.   *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).   "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

The "essential goal" for the Court is to "do rough justice, not to achieve auditing perfection."   *Fox v. Vice*, 563 U.S. 826, 838 (2011).   The Court "need not, and indeed should not, become green-eyeshaded accountants" rather, the Court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."   *Id.*   Where a cause involves claims with a "common core" of facts, work performed on related claims that would not otherwise support an award of attorney's fees may become compensable.   *See Hensley*, 461 U.S. at 435; *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782, 2018 U.S. Dist. LEXIS 187979, at *12-14 (S.D. Fla. Nov. 2, 2018) (court fashioned a reasonable award that addressed defendant's failure to sufficiently separate out billing, the complex nature of the claims and case, and the fact defendant was not entitled to fees incurred on behalf of its co-defendant by reducing the total fee).

### III.   ANALYSIS.

The Court will not revisit the District Court's decision to award attorney's fees to Torgeman under the Lanham Act.  Doc. No. 108 at 11.  The issue is not properly raised in the current Response and Plaintiff filed a motion for reconsideration that has been denied by the District Court.  Doc. Nos. 133, 144.

However, the Court finds that an award of the entire amount of attorney's fees incurred by all Defendants would be inappropriate given that the District Court specifically found that the other Defendants should bear their own attorney's fees.  Doc. No. 108 at 15.  This is not a case of intertwined claims rather this is a common defense provided to three Defendants, only one of whom is entitled to receive his share of the attorney's fees incurred based on a finding of bad faith attributable only to that Defendant, Torgeman.[1]  But, to the extent Torgeman cannot legitimately separate out the time attributable solely to his defense, apportionment of the attorney's fees incurred by all three Defendants in their common defense is appropriate in this circumstance.

With respect to the *Johnson* factors, Torgeman has addressed each factor, but Plaintiff only takes issue with the reasonableness of certain hourly rates, hours expended, and the amount involved and awards in similar cases.  Doc. Nos. 115 and 125.  The Court finds that this was a trademark counterfeiting case that required counsel with intellectual property experience.  Doc. No. 116.  Torgeman agreed to pay an hourly rate for his defense, and he had an ongoing

---

[1] As a practical matter, Torgeman has not provided any evidence of what *he* actually paid in attorney's fees, but the attached Agreement reflects that Torgeman and his fellow Defendants were severally liable for attorney's fees. Doc. No. 116 at 9-14.  Torgeman has also failed to demonstrate what measure of attorney's fees is solely attributable to his defense versus attorney's fees that would have been incurred if he were not a defendant in this matter.  Doc. No. 116.  "Notwithstanding these difficulties, a district court faced with an inadequate fee application must still award a reasonable fee."  *Durden v. Citicorp Trust Bank, FSB*, 763 F. Supp. 2d 1299,1310 (M.D. Fla. 2011) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1196 (11th Cir. 2002)).

relationship with defense counsel's firm and is being represented in companion cases.   Doc. No.

116.   The remaining relevant factors are addressed below.

        A.      <u>Reasonable Hourly Rate.</u>

        Torgeman has requested the following hourly rates:

| | |
|---|---|
| Coleman Watson | $385.00 |
| Leia Leitner | $305.00 |
| Alberto Montequin | $305.00 |
| Ronika Carter | $275.00 |
| Courtney Marks | $75.00-$125.00 |
| Stephanie Lopez | $125.00 |

Doc. No. 116 at 5.   Torgeman offered evidence of hourly rates within the community through the

expert opinion of a local board certified intellectual property attorney, Amber Davis.   Doc. Nos.

116, 117.   Coleman Watson, lead counsel, has a Juris Doctor and an LL.M. from New York Law

School and has been practicing law for ten years.   Doc. No. 116 at 1, 6.   He is also admitted to

practice before the Patent Office and he maintains a boutique intellectual property practice.   Doc.

No. 116 at 1-2, 6.

        Leia Leitner graduated from Florida A & M Law School and has been practicing law for

five years.   Doc. No. 116 at 6.   She has significant litigation experience, and has been named a

Florida Rising Star.   Doc. No. 116 at 6.   Alberto Montequin graduated from University of North

Carolina Law School and has five years of litigation experience.   Doc. No. 116 at 6.   Ronika

Carter earned her Juris Doctor from University of Virginia School of Law and has two years of

litigation experience.   Doc. No. 116 at 6.   Courtney Marks is a paralegal with four years of

experience at Watson LLP and Stephanie Lopez is a paralegal with two years of experience at Watson LLP.   Doc. No. 116 at 6.

Attorney Davis opined that Torgeman's lawyers' and paralegals' hourly rates are consistent with the prevailing market rates in the community for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation.   Doc. No. 117 at 5-6.   Davis relied on her own experience, including her knowledge of rates charged by other firms in the area for similar work, as well as Magistrate Judge Smith's analysis of attorney's fees charged in intellectual property cases in Orlando which reflect a reasonable hourly rate for partners of $350 to $450 per hour, for associates $250 to $350 per hour; and paralegals $100 to $125 per hour.   Doc. No. 117 at 6 (quoting *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249, 2017 WL 3037497, at *5 (M.D. Fla. June 12, 2017), adopted at 2017 WL 3022712 (M.D. Fla. July 17, 2017)).   Plaintiff has not challenged the rates of Watson, Carter, Marks, or Lopez.   Doc. No. 125.

Upon review of the Motion, Response, and Reply, the Court finds that the following are reasonable hourly rates for Torgeman's attorneys and paralegals:

| | |
|---|---|
| Coleman Watson | $385.00 |
| Leia Leitner | $305.00 |
| Alberto Montequin | $305.00 |
| Ronika Carter | $275.00 |
| Courtney Marks | $100.00 |
| Stephanie Lopez | $125.00 |

B.      Reasonable Number of Hours

Once the reasonable hourly rate is determined, the Court must then decide the reasonable number of hours expended to determine the lodestar.  *Hensley*, 461 U.S. at 433.   Torgeman has requested attorney's fees for 722 hours of work on his defense.   Doc. No. 115.   Plaintiff seeks reduction of that amount by 250 hours, offering multiple objections, then a further pro rata reduction to reflect one-third of defense counsel's total fee being attributable to Torgeman.   Doc. No. 125.   "When faced with a massive fee application, . . . an hour-by-hour review is both impractical and a waste of judicial resources."   *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).   When a request for an award of attorney's fees is voluminous, the court may employ an across-the-board reduction rather than an hour-by-hour analysis. *Id.*   "Any reductions to the requested hours must be concisely and clearly explained to allow for appellate review." *Bivins*, 548 F.3d at 1351; *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) ("Appellant submitted 569.30 hours for compensation. Those hours are extensive enough that we do not expect the district court or the magistrate judge to conduct an hour-by-hour analysis in this case."); *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 687 (11th Cir. 2011) ("The more than $200,000 Padurjan seeks in attorneys' fees is indication enough that this case is voluminous.").[2]

In his Motion, Torgeman initially requested reimbursement for 475.85 hours of attorney and paralegal time totaling $238,636.00.   Doc. No. 115 at 1.   In its Response, Plaintiff argues there are gross mathematical errors in Torgeman's summary of charges in the amount of $104,215.90.   Doc. No. 125 at 15-16.   The Court's own calculations, based on the reasonable

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

rates found by the Court, and the number of hours attributed to each attorney and paralegal in the

Motion, Declaration, and Affidavit, reflect the following totals:

| | | | | |
|---|---|---|---|---|
| Coleman Watson | $385 | x | 120.42 | $46,361.70 |
| Leia Leitner | $305 | x | 225.90 | $68,899.50 |
| Alberto Montequin | $305 | x | 15.48 | $4,721.40 |
| Ronika Carter | $275 | x | 53.93 | $14,830.75 |
| Courtney Marks | $100 | x | 23.65 | $2,365.00 |
| Stephanie Lopez | $125 | x | 36.47 | $4,558.75 |
| TOTAL | | | 475.85 | $141,737.10 |

In his Reply, Torgeman explains that there is a scrivener's error in the table in the Motion

but that the billing records appended to Watson's Declaration are correct and reflect the 722 hours

of time Torgeman now claims in his Reply.   Doc. No. 130 at 2.   A newly created table reflects

increases in attorneys Watson, Leitner, and Montequin's hours, and paralegal Marks' hours, as

well as reductions in attorney Carter and paralegal Lopez's hours.   Doc. No. 130 at 2.   Torgeman

does not offer an Amended Declaration of Watson to support the additional hours being claimed

but Watson attested to the accuracy of the billing records, upon which Torgeman now relies, in his

original Declaration.   Doc. No. 116 at 1, 4, 5.

Watson indicates that he reviewed all of the billing records prior to issuing client invoices

and deducted 47.60 hours of time he found to be redundant, incorrect, or performed in excess of

the amount of time necessary.   Doc. No. 116 at 4.   Watson states he then reviewed all the invoices

again in anticipation of the Motion and deleted various categories of work including: 15.65 hours

of summer associates' time; $2,484.50 in attorney's fees previously paid by Plaintiff related to a

motion to compel; any time entries generated in companion cases; any attorney's fees generated

from litigation of the claims made in the counterclaim in this action; and any purely administrative tasks.   Doc. No. 116 at 4.   Watson states that, after applying these deductions, the total amount of attorney's fees Torgeman seeks to recover is $238,636.00 which represents fees generated in the representation of all three Defendants.   Doc. No. 116 at 5.   Davis indicates she also reviewed all the time entries and relevant pleadings noting that she found the time reasonable other than some secretarial tasks that were ultimately deleted from the final fee request.   Doc. No. 117 at 8-9.

In its Response, Plaintiff challenges multiple time entries as excessive, duplicative, or related solely to Defendants' counterclaim, and has suggested deducting approximately 250 hours of time billed.   Doc. No. 125 at 16-20.   For example, Plaintiff suggests that a motion to dismiss which contained twelve "substantive" pages should only have taken twelve hours instead of the 33.7 hours billed.   Doc. No. 125 at 16.   Plaintiff identifies an entry as "double-billed" where attorney Leitner first reviewed Jesse Welch's deposition in preparation for summary judgment on April 16, 2018, but then reviewed it again for "citations to factual record as to all Defendants" on May 9, 2018.   Doc. No. 125 at 20.   Plaintiff suggests reducing the hours expended on the second entry by 5.7 hours due to a prior "duplicate" entry for 4.2 hours.   Doc. No. 125 at 20. Plaintiff identifies an entry of .5 hours of time for review of "Flogrown's reply to Defendant's response to Plaintiff's motion for partial summary judgment . . .  draft outline of Plaintiff's arguments in preparation for mediation," that Plaintiff claims is related solely to the other Defendants' counterclaim.   Doc. No. 125 at 19.   Plaintiff identifies other entries that it believes relate solely to the counterclaim of approximately 45-50 hours of billable time.   Doc. No. 125 at 16-20.

The Court finds that the reasonableness of the hours expended has been properly supported by the billing records and attorney Davis's and Watson's Declarations.  Doc. Nos. 116 and 117. Rather than review each entry and objection item-by-item, the Court will adjust the total fee award, based on the amount claimed by Torgeman in the Reply, by $10,000 to address entries that may relate *solely* to the other Defendants' counterclaim and other double billing, which reduces the total amount of attorney's fees to $228,636, which is within the range suggested by Plaintiff of something less than $238,000 and far less than the low end of the range suggested by attorney Davis. The Court also finds that a further reduction is reasonable to account for the Court's decision to award only Torgeman attorney's fees, and reduces the award to $76,212.00 to account for Torgeman's share of the attorney's fees expended in the Defendants' common defense.

C.      Costs.

Generally, a prevailing party may tax costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court orders otherwise. Fed. R. Civ. P. 54(d).   On January 24, 2019, Defendants filed a Proposed Bill of Costs. Doc. No. 110.   On February 11, 2019, a Bill of Costs was taxed against Plaintiff for $7,379.92. Doc. No. 122.   Thus, Torgeman's request for an award of costs is moot.

Accordingly, it is hereby **RECOMMENDED** that the Motion (Doc. No. 115) be **GRANTED in part** and **DENIED in part** as follows:

1.      Defendant Albert Torgeman be awarded attorney's fees against Plaintiff Flogrow, LLC in the total amount of $76,212.00; and

2.      That the Motion be otherwise denied.

A party has fourteen days from this date to file written objections to the Report and

- 14 -

Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

     **DONE** and **ORDERED** in Orlando, Florida, June 3, 2019.

                                                     GREGORY J. KELLY
                                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties