# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLOGROWN, LLC,**

      **Plaintiff,**

v.                                                                                     **Case No:   6:17-cv-983-Orl-18GJK**

**DIXIE HERITAGE, LLC, ASHER TORGEMAN, AND ALBERT TORGEMAN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 139)** |
| **FILED:** | **May 1, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

### I.   BACKGROUND.

On February 5, 2019, Plaintiff filed an Amended Motion for Sanctions (the "Motion"). Doc. No. 114. The lengthy procedural history of this case is set forth in this Court's Report and Recommendation on that Motion and is incorporated by reference herein. Doc. No. 137. In its Report and Recommendation on the Motion[1], this Court found that Plaintiff's failure to file its

---

[1] On April 29, 2019, an order adopting the Report and Recommendation was rendered. Doc. No. 138.

Motion with the Court at any point in time from its initial service on Defendants in July 2018 through the conclusion of this case rendered the Motion untimely.  Doc No. 137.  Alternatively, the Court found Defendants' claims were not frivolous and were not lacking a reasonable factual basis based on the denial of Plaintiff's motion for summary judgment.  Doc. Nos. 137, 79.  The Court did not award Defendants attorney's fees as the prevailing party, although Defendants requested attorney's fees in their memorandum.  Doc. Nos. 123, 137.

Defendants then filed the instant supplemental motion for attorney's fees and taxable costs with incorporated memorandum of law ("Supplemental Motion").  Doc. No. 139.  In their Supplemental Motion, Defendants seek attorney's fees against Plaintiff based on the denial of its Rule 11 motion.  Doc. No. 139 at 1.  Defendants argue that the Rule 11 motion had no reasonable factual basis and was filed for an improper purpose.  Doc. No. 139 at 6.  Defendants argue that the untimely nature of the Rule 11 motion and the Plaintiff's claim that there was no admissible evidence to support the Counterclaim did not reasonably support the filing of a Rule 11 motion and necessitates an award of attorney's fees to Defendants.  Doc. No. 139 at 6.

**II.   ANALYSIS.**

A court has discretion to award reasonable expenses, including attorney's fees, incurred by the prevailing party on a Rule 11 motion.  Fed. R. Civ. P. 11(c)(2); *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (awarding attorney's fees to a prevailing party upon finding a motion for sanctions was filed to harass opposing counsel and file what was effectively an unauthorized reply to a motion for attorney's fees).  Where a motion for sanctions under Rule 11 is denied, it does not necessarily follow that the motion was frivolous.  *Bussey-Morice v. Kennedy*, No. 6:11-cv-970, 2018 U.S. Dist. LEXIS 145218, at *10-11 (M.D. Fla. Aug. 27, 2018); *Miller v. Relationserve, Inc.*, No. 05-61944-CIV, 2006 U.S. Dist. LEXIS 87139, at *24 (S.D. Fla.

Dec. 1, 2006) ("Although the Court rejected Plaintiff's argument and denied his request for sanctions, this alone does not require a finding of frivolousness").  In order for the court to find a Rule 11 violation the court must determine if the claims asserted in the motion for sanctions were objectively frivolous, filed for an improper purpose, or not well-grounded in fact or law. *Denning v. Powers*, No. 12-14103-CIV, 2012 U.S. Dist. LEXIS 192065, at *2 (S.D. Fla. Nov. 26, 2012); *Bussey-Morice*, 2018 U.S. Dist. LEXIS 145218, at *8; *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted).

Considering the course of the proceedings as a whole, the Court cannot find that the Motion was so unreasonable or objectively frivolous that attorney's fees should be award against Plaintiff or its counsel.  Defendants have failed to satisfy their burden in that respect.  Defendants have also failed to satisfy their burden to demonstrate Plaintiff acted with an improper purpose.

Accordingly, it is hereby **RECOMMENDED** that the Supplemental Motion (Doc. No. 139) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, June 11, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties