# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FLOGROWN, LLC,

    Plaintiff,

v.                                      Case No: 6:17-cv-983-Orl-18GJK

DIXIE HERITAGE, LLC, ASHER
TORGEMAN and ALBERT
TOURGEMAN,

    Defendants.
_____

# ORDER

THIS CAUSE comes for consideration on Defendants Dixie Heritage, LLC ("Dixie"), Asher Torgeman ("Asher"), and Albert Tourgeman's ("Albert") (collectively, the "Defendants") Motion for Attorneys' Fees and Taxable Costs (the "Attorneys' Fees Motion") (Doc. 115), to which Plaintiff Flogrown, LLC ("Plaintiff") filed a response in opposition (the "Response") (Doc. 125), and Defendants filed a reply (the "Reply") (Doc. 130). On June 3, 2019, the United States Magistrate Judge entered a report and recommendation on the Attorneys' Fees Motion (the "Report and Recommendation") (Doc. 145). Subsequently, Defendants filed objections to the Report and Recommendation ("Defendants' Objections") (Doc. 147) to which Plaintiff filed a response in opposition (Doc. 149). Plaintiff also filed objections to the Report and Recommendation ("Plaintiff's Objections") (Doc. 148), to which Defendants filed a response in opposition (Doc. 150).

## I. BACKGROUND

Plaintiff brought claims against Defendants alleging federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count I), common law trademark infringement

(Count II), and violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201, *et seq.*, Florida Statutes (Count III). (*See* Doc. 38.) Asher and Dixie brought counterclaims against Plaintiff for Plaintiff's alleged defamatory remarks in violation of FDUTPA. (*See* Doc. 29.) On December 3, 2018, the Court held a bench trial and, ultimately, entered judgment in favor of Defendants on Plaintiff's claims and in favor of Plaintiff on Asher and Dixie's counterclaims. (*See* Doc. 93; Doc. 98; Doc. 108.) As set forth in the Bench Trial Order (Doc. 108), the Court reserved jurisdiction to award attorneys' fees and costs by separate order to Albert after holding that, "[w]ith the exception of Defendant Albert Tourgeman, all parties shall be responsible for their own attorneys' fees and costs." (*Id.* at 15.) Subsequently, Defendants filed the Attorneys' Fees Motion (Doc. 115) requesting "attorneys' fees (as to [Albert]) in the amount of $238,636.00, . . . costs in the amount of $7,379.92, and prejudgment interest at the rate of 6.33% until the date the [C]ourt enters judgment, and post-judgment interest accruing thereafter." (*See id.* at 1, 2.) On June 3, 2019, the United States Magistrate entered the Report and Recommendation (Doc. 145) recommending that the Attorneys' Fees Motion be granted in part and denied in part. (*See id.*) Both parties timely filed objections (Doc. 147; Doc. 148) and a response to the other side's objections (Doc. 149; Doc. 150), and the matter is now ripe for review.

## II. LEGAL STANDARD

*A. Objections to Report and Recommendations*

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. *Id. De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745,

750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

*B. Attorneys' Fees*

Section 1117(a) of the Lanham Act provides, in pertinent part, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).[1] In order to determine a reasonable attorney fees award, the Court utilizes the familiar lodestar method, which calculates fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Bivins*, 548 F.3d at 1350. The *Johnson* Factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. Additionally, "[w]hen a district court finds the number of hours claimed is

---

[1] The Court previously determined that Albert is entitled to attorney fees under the Lanham Act. (*See* Doc. 108; Doc. 144.)

-3-

unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350; *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous, . . . an hour-by-hour review is simply impractical and a waste of judicial resources."). In so doing, the Court "need not, and indeed should not, become green-eyeshade accountants. " *Fox v. Vice*, 563 U.S. 826, 838 (2011). Ultimately, the "essential goal" for the Court is "to do rough justice, not to achieve auditing perfection." *Id.* The Court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time[,] . . . [a]nd appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation." *Id.* (quotations marks and citations omitted); *see Norman*, 836 F.2d at 1303 (the court is "an expert on the question [of attorney fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value" (citation omitted)); *see also Hensley*, 461 U.S. at 434 (for purposes of determining an attorney fees award, after establishing the reasonable hourly rate and reasonable number of hours, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained'").

## III. ANALYSIS

In support of the Attorneys' Fees Motion, Defendants provided a Declaration of Coleman W. Watson, Esquire (the "Watson Declaration") (Doc. 116 at 1-7), a Declaration of Amber N. Davis, Esquire (the "Davis Declaration") (Doc. 117), Defendants' Client Engagement Agreement (Doc. 116 at 8-14), and an itemized invoice of fees listing pay rate and the hours Defendants' counsel worked on this case (the "Billing Records") (*Id.* at 15-43). The Billing Records reflect a

total bill of $238,636.00 and do not specify an amount of time spent solely on Albert's defense or what Albert was billed separately from the other Defendants. Defense counsel argues that an attorneys' fees award to Albert in the amount of $238,636.00 is appropriate because Albert's defense was inextricably intertwined with the defense of Asher and Dixie. (*See* Doc. 115 at 8-11.) After finding that the reasonableness of the hours expended was properly supported by the record, the United States Magistrate Judge deducted $10,000.00 "to address entries that may relate *solely* to the other Defendants' counterclaim and other double billing." (Doc. 145 at 13.) Then, the United States Magistrate Judge stated, "a further deduction is reasonable to account for the Court's decision to award only [Albert] attorney's fees, and [the Court] reduces the award to $76,212.00 to account for [Albert's] share of the attorney's fees expended in the Defendants' common defense." (*Id.*)

Albert objects to the Report and Recommendation, claiming that the full amount of requested attorneys' fees is recoverable because, "the Eleventh Circuit . . . advises that a full recovery should be awarded when a common defense (or intertwinement of claims) is at issue." (Doc. 147 at 2.) Albert argues that the United States Magistrate Judge improperly reduced Albert's attorneys' fees award through apportionment of the legal fees. (*Id.*) Allegedly, such apportionment was an abuse of discretion.[2] (*Id.*) Further, Albert maintains that the United States Magistrate Judge erred in failing to include pre-judgement interest as part of Albert's attorneys' fees award. (*Id.*) In contrast, Plaintiff argues that the United States Magistrate Judge "underestimate[d] the amount of hours that defense counsel has charged for Defendants' counterclaims" and that "the record shows

---

[2] Albert cites to case law dealing with overlapping claims in support of his argument that apportionment of fees is an abuse of discretion. (*See* Doc. 115 at 8-11; Doc. 147 at 6-7.) However, the apportionment of fees in this case is between parties, not claims. (*See* Doc. 108 at 15); *see Tillman v. Advanced Pub. Safety, Inc.*, 15-cv-81782, 2018 WL 5729291 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, No. 15-81782-CIV, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (the court fashioned a reasonable fees award for a defendant based, in part, on finding that the defendant was not entitled to fees incurred on behalf of a co-defendant).

that the $10,000 that the [United States Magistrate Judge] deducted from defense counsel fees based on counterclaims is too small and that there are numerous overbillings that need to be corrected." (Doc. 148 at 1.)

Upon review of the record, including but not limited to the Billing Records, the Watson Declaration, and the Davis Declaration, the Court finds that the hourly rates and the hours set forth in the Billing Records are largely reasonable and customary to the intellectual field in the Middle District of Florida. However, the Court notes that defense counsel prepared and provided a common defense for all three Defendants, Albert was never deposed, and only Asher and Dixie brought counterclaims against Plaintiff. After hearing Albert's brief testimony during the one-day bench trial in this case, the Court awarded attorneys' fees to Albert. After *de novo* review of the record, rather than review each billing entry item-by-item, the Court will adjust the total fee award, based on the $238,636.00 amount claimed by Albert in the Reply, by $50,000.00 to address billing entries that may relate solely to Asher and Dixie's counterclaims or excessive or double billing. After making this initial reduction, the attorneys' fees amount will be further reduced to reflect the Court's decision to award only Albert attorneys' fees. *See Te-Ta-Ma Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 260 (7th Cir. 2004) ("Congress intended that broad principles of equity should guide the award of fees under the [Lanham Act]."). Specifically, the Court further reduces the attorneys' fees award amount to $10,000.00 to reflect the Court's intention in awarding fees to Albert. An attorneys' fees award of $10,000.00 is reasonable, equitable, appropriate, and supported by the record.

## IV. CONCLUSION

After review of the record before the Court and *de novo* review of the portions of the Report and Recommendation (Doc. 145) to which the parties properly objected, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 145) is **APPROVED and ADOPTED in part** and is **REJECTED in part** as follows:

2. Defendants Dixie Heritage, LLC, Asher Torgeman, and Albert Tourgeman's Motion for Attorneys' Fees and Taxable Costs (Doc. 115) is **GRANTED in part** and **DENIED in part**. The Motion (Doc. 115) is **GRANTED** in that Defendant Albert Tourgeman shall be awarded attorneys' fees against Plaintiff FloGrown, LLC in the total amount of $10,000.00 with prejudgment interest calculated at the applicable federal rate, from January 22, 2019 until the entry date of this Order. The Court also includes the taxation of costs in the amount of $7,379.92[3] as part of this Order. Otherwise, the Motion (Doc. 115) is **DENIED**.

3. The recommendation in the Report and Recommendation (Doc. 145) that Defendant Albert Tourgeman be awarded attorneys' fees against Plaintiff Flogrown, LLC in the amount of $76,212.00 based on a $10,000 reduction and an apportionment of one third of the fees to Defendant Albert Tourgeman is **REJECTED**. Otherwise, the Report and Recommendation (Doc. 145) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review.

4. Defendants' Objections to Report and Recommendation on Motion for Attorneys' Fees and Taxable Costs and Appeal of Decision to District Court (Doc. 147) are **OVERRULED**.

5. Plaintiff's Objections to Court's Report and Recommendations on Defendants' Motion

---

[3] On February 11, 2019, the Clerk of Court taxed $7,379.92 in costs against Plaintiff. (*See* Doc. 122.)

for Attorney Fees (Doc. 148) are **SUSTAINED in part** and **OVERRULED in part.** Plaintiff's Objections (Doc. 148) are **SUSTAINED** in that the Court reduces Plaintiff Albert Tourgeman's attorneys' fees award to $10,000.00. Otherwise, Plaintiff's Objections (Doc. 148) are **OVERRULED**.

6. Defendant Albert Tourgeman shall submit a proposed attorneys' fees judgment reflecting the terms of this Order, including a proper calculation of prejudgment interest, within ten (10) days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on this ___25___ day of July, 2019.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record